UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL COGBURN, | No. 2:18-cv-01223-TLN-DMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT SUNBEAM PRODUCTS, INC.'S MOTION TO DISMISS** |
| SUNBEAM PRODUCTS, INC., DBA JARDEN CONSUMER SOLUTIONS; WALMART INC., | |
| Defendants. | |

This matter is before the Court pursuant to Defendant Sunbeam Products, Inc. dba Jarden Consumer Solution's ("Sunbeam") Motion to Dismiss Plaintiff's Third Cause of Action for Breach of Implied Warranty. (ECF No. 11.) Plaintiff Noel Cogburn ("Plaintiff") filed an opposition, (ECF No. 16), and Sunbeam filed a reply, (ECF No. 18). For the reasons set forth below, the Court hereby GRANTS Sunbeam's Motion to Dismiss without leave to amend. (ECF No. 11.)

///
///
///
///

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on or about April 13, 2017, Plaintiff was making hummus with an Oster® Accurate Blend 14 blender ("Blender") purchased from Walmart, Inc. ("Walmart") and manufactured by Sunbeam. (ECF No. 9 ¶¶ 2–3, 7.) Plaintiff alleges that while the Blender's blades were rotating during use, the pitcher detached from the threaded blade attachment and exposed the spinning blade assembly. (ECF No. 9 ¶ 8.) According to Plaintiff, this incident caused severe, permanent, and disfiguring injuries to Plaintiff's body, including lacerations on his left and right hands and fingers. (ECF No. 9 ¶ 8.)

On May 14, 2018, Plaintiff filed the instant lawsuit against Sunbeam and Walmart (collectively, "Defendants"), alleging the following causes of action: (1) Negligence; (2) Strict Liability; and (3) Breach of Implied Warranty. (ECF No. 1.) On June 1, 2018, Plaintiff filed a First Amended Complaint ("FAC") against Defendants alleging the same causes of action. (ECF No. 9.) Sunbeam now moves to dismiss Plaintiff's third cause of action for Breach of Implied Warranty under the theory that Plaintiff has failed to establish vertical privity with Sunbeam.

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege

1    "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

2    relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads

3    factual content that allows the court to draw the reasonable inference that the defendant is liable

4    for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

5          Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

6    factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

7    1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an

8    unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A

9    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

10   elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

11   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

12   statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

13   facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

14   been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459

15   U.S. 519, 526 (1983).

16         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

17   facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting

18   *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . .

19   across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680.

20   While the plausibility requirement is not akin to a probability requirement, it demands more than

21   "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is

22   "a context–specific task that requires the reviewing court to draw on its judicial experience and

23   common sense." *Id.* at 679.

24         If a complaint fails to state a plausible claim, "[a] district court should grant leave to

25   amend even if no request to amend the pleading was made, unless it determines that the pleading

26   could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130

27   (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see

28   also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

denying leave to amend when amendment would be futile).  Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.    ANALYSIS

Sunbeam argues that Plaintiff's third cause of action for Breach of Implied Warranty should be dismissed because Plaintiff has failed to establish vertical privity.  (ECF No. 11 at 5–6.) Plaintiff responds that vertical privity is not required in tort product liability claims involving personal injuries.  (ECF No. 16 at 3.)  Plaintiff appears to contend that his breach of implied warranty claim is in fact a strict product liability claim and argues vertical privity is not required when breach of implied warranty claims are pled as product liability torts.  (ECF No. 16 at 3–5.)

Plaintiff's thinly-veiled attempt to re-classify his breach of implied warranty claim as a strict product liability claim is nonsensical.  The two causes of action are distinct and require different legal elements.  Regarding Plaintiff's breach of implied warranty claim, it is well established that "[v]ertical privity is a prerequisite in California for recovery on a theory of breach of the implied warranties of fitness and merchantability."  *U.S. Roofing, Inc. v. Credit All. Corp.*, 228 Cal. App. 3d 1431, 1441 (1991).  The fact that privity is not required in tort product liability claims is irrelevant to Plaintiff's breach of implied warranty claim.  Accordingly, Plaintiff is required to demonstrate vertical privity to establish his breach of implied warranty claim.

Vertical privity exists where a buyer and seller "are in adjoining links of the distribution chain."  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008).  "Thus, an end consumer . . . who buys from a retailer is not in privity with a manufacturer."  *Id.* (citing *Osborne v. Subaru of Am. Inc.*, 198 Cal. App. 3d 646, 656 n.6 (1988)).  Sunbeam argues Plaintiff has failed to demonstrate vertical privity because the Blender was purchased from Walmart, not Sunbeam.  (ECF No. 11 at 6.)  Thus, Sunbeam contends that Plaintiff is an end consumer in privity with Walmart rather than Sunbeam.  (ECF No. 11 at 6.)  Plaintiff offers no argument in response.  The Court agrees with Sunbeam.  Plaintiff did not purchase the Blender from Sunbeam, and thus is

not in an adjoining link of the distribution chain with Sunbeam. Therefore, the Court finds that Plaintiff has failed to allege vertical privity and has not argued any exception to the vertical privity requirement applies. Moreover, the Court finds amendment would be futile because Plaintiff has failed to show additional allegations could cure this defect. Accordingly, the Court dismisses Plaintiff's third cause of action without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Sunbeam's Motion to Dismiss Plaintiff's Third Cause of Action Without Leave to Amend. (ECF No. 11.)

Dated: February 14, 2019

Troy L. Nunley
United States District Judge