# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL COGBURN, an individual<br><br>    Plaintiff,<br><br>v.<br><br>SUNBEAM PRODUCTS, INC., DBA JARDEN CONSUMER SOLUTIONS, a corporation; WALMART INC., a corporation,<br><br>    Defendants. | Case No. 2:18-cv-01223-TLN-DMC<br><br>Honorable Troy L. Nunley<br><br>**STIPULATED PROTECTIVE ORDER** |

## STIPULATED PROTECTIVE ORDER

WHEREAS, PLAINTIFF, NOEL COGBURN, an individual, and DEFENDANTS, SUNBEAM PRODUCTS, INC., dba JARDEN CONSUMER SOLUTIONS, a corporation (hereinafter "SUNBEAM") by and through their respective attorneys, hereby enter into the following STIPULATION and PROTECTIVE ORDER (hereinafter "PROTECTIVE ORDER") concerning documents, materials and information to be produced by SUNBEAM; and

WHEREAS, SUNBEAM has agreed to produce documents, materials and information in the course of this litigation; and

WHEREAS, SUNBEAM contends that certain documents and information and other materials are in whole or in part proprietary information, confidential business records and trade secrets, all of which are sensitive data: and

WHEREAS, SUNBEAM desires to maintain the confidentiality of the documents and/or things themselves as well as the confidentiality of the fact of their existence, their description and identity and their sum and substance; and

WHEREAS, the parties, their attorneys, experts, and agents have agreed to comply with the letter and intent of such confidentiality.

IT IS HEREBY STIPULATED THAT:

1. Certain documents, information, records, and other SUNBEAM materials contain proprietary or confidential information which is entitled to be protected by a Court Order against disclosure to competitors or to third persons for any purpose other than its use in this specific litigation. Such documents and other materials are disclosed to the other parties subject to the stipulation that the use of such materials shall be limited by the terms of this Protective Order.

2. The information protected by this Order includes all documents and other materials and information designated as confidential by SUNBEAM. Documents and other materials will be marked confidential by inclusion of a notation on the document in the following form: "Confidential: Under Protective Order" or by other reasonable method as agreed to by the parties. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be "Confidential: Under Protective Order" material under this Protective Order.

3. Any testimony shall be designated confidential at the time it is given by deposition or otherwise, including any videotape depositions. Any confidential exhibits referred to in a deposition shall be noted as confidential in the record. The court reporter shall be advised of this Protective Order and given a copy of this Protective Order to be included with any transcript of the deposition. The confidential portion or portions, including exhibits, of such transcript shall be subject fully to the terms and conditions of this Protective Order.

22882376.v2
23139653.v1

4. Any confidential deposition testimony or documents referred to or used as exhibits in motion practice shall be designated confidential and filed with the court under seal or in any other manner as designated by the Court to maintain the confidentiality of said material.

5. The use of confidential documents and testimony and the information contained therein ("Protected Material") by counsel in this litigation, and all others receiving said Protected Material from counsel, shall be strictly limited to use in this case alone and shall be subject to all the terms of this Protective Order.

6. To the extent that such Protected Material has been or may be in the future used in the taking of depositions, it shall remain subject to the provisions of this Protective Order, and so shall the transcript pages of all deposition testimony relating to said Protected Material.

7. The originals of the above-described documents (other than the deposition transcripts themselves) shall remain in the custody of SUNBEAM or its counsel. All copies of such material, however obtained, shall be subject to the terms of this Protective Order.

8. No additional copies of any of the Protected Material shall be made unless pursuant to instructions by counsel in this litigation and unless counsel maintains a strict accounting of each such copy.

9. Counsel shall maintain all copies of said Protected Material as strictly confidential and shall not show the copies or disclose information therein to any person other than individuals who are assisting counsel in the preparation and prosecution of this action alone, including expert witnesses, legal staff, and parties to this litigation. Without further order from the Court, said Protected Material shall not be disclosed for any purpose to any other individual, whether employed by a party to this action or not, who is known to be associated in anyway with a competitor of SUNBEAM and/or any other SUNBEAM entity, with the exception

of any expert who may be retained by any party for purposes of this case, provided he or she has signed a non-disclosure agreement in the form of Exhibit A attached to this Stipulation, prior to the disclosure of any Protected Material. Said executed agreements will be provided to SUNBEAM's counsel after the designation of experts, per the Court rules.

10. The Protected Material shall not be disclosed for any purpose to any other individual who is not associated in any way to this litigation.

11. Counsel wishing to disclose any of the Protected Material to any individual shall show and provide a copy of this Protective Order to said individual. Counsel disclosing the Protected Material shall obtain a written statement identifying the name, title and business relationship of the person or persons to whom disclosure has been made (Exhibit A). Said statement in the form of Exhibit A shall confirm that a copy of this Protective Order has been provided to the person to whom disclosure of the Protected Material has been made, and the person agrees to be bound by its terms.

12. The terms of this Protective Order shall remain fully effective as to all Protected Material until released either by a Court order or by the written consent of SUNBEAM.

13. If counsel believes that information has been inappropriately designated "confidential," counsel may, by motion to the Court at any time during the pendency of this action, challenge the confidentiality designation. The burden of proving the confidentiality of designated information remains with the party asserting the confidentiality. If the Court should determine that said information is not "privileged," or "proprietary" or otherwise "confidential" in nature, the parties and all those who have assisted the parties in the preparation and prosecution of this action, including expert witnesses, shall be relieved from the mandates of this Protective Order as it relates to such information.

4
22882376.v2
23139653.v1

14. At the conclusion of this litigation, including any appeals, the parties shall account for each and every copy of Protected Material and also summaries of the information contained therein, and shall destroy all copies and summaries of the Protected Material.

15. Nothing in this Protective Order shall prejudice any party from seeking amendments hereto or broadening or restricting the rights of access to or the use of Protected Material or otherwise modifying this Protective Order by agreement of counsel. This Protective Order or subsequent Court Order may be amended without leave of the Court by the agreement of counsel or the parties in the form of a Stipulation that shall be filed in this case.

16. Counsel shall explain the terms of this Protective Order to their clients so that their clients understand the terms of this Protective Order and will abide by the terms of this Protective Order.

17. This Protective Order may be executed in one or more counterparts, each of which, when so executed and delivered, shall be deemed an original, but all of which taken together shall constitute but one and the same instrument. PDF and faxed execution of this Protective Order will constitute original signatures for all purposes.

[SIGNATURE PAGE FOLLOWS]

Dated: June \_\_\_\_, 2019

Aghavni V. Kasparian, Esq. (SBN 204136)
KP LAW
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Telephone: (626) 219-1725
Facsimile: (213) 986-3121
akasparian@kplitigators.com

**ATTORNEYS FOR PLAINTIFF**

Dated: July 17, 2019

Lisa P. Gruen, Esq. (SBN 116077)
Jordan G. Cohen, Esq. (SBN 281942)
GOLDBERG SEGALLA LLP
777 S. Figueroa Street, Suite 1900
Los Angeles, CA 900174
Telephone: (213) 415-7200
Facsimile: (213) 415-7299
lgruen@goldbergsegalla.com
jcohen@goldbergsegalla.com

**ATTORNEYS FOR DEFENDANT SUNBEAM PRODUCTS, INC.**

# EXHIBIT A
# ACKNOWLEDGMENT OF CONFIDENTIALITY

I hereby acknowledge that I had read the Stipulation and Protective Order entered into between the parties Noel Cogburn, an individual v. Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions, et al., No. 2:18-cv-01223-TLN-CMK, and I agree to be bound by its terms. I also agree to submit to the jurisdiction of the above-referenced court for enforcement of the Order.

Dated:                          Signed by: _____

                                                        Printed Name: _____

                                                        Title: _____

                                                        Address: _____

THE PARTIES' STIPULATION IS APPROVED AND THE TERMS THEREOF ARE ORDERED.

BY THE COURT:

Dated: July 19, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

22882376.v2
23139653.v1