**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOEL COGBURN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUNBEAM PRODUCTS, INC., et al.,<br><br>　　　　　Defendants. | No. 2:18-CV-1223-TLN-DMC<br><br><br>ORDER |

　　　　Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court are plaintiff's motions to compel further responses to interrogatories, see ECF No. 34, and requests for production, see ECF Nos. 35. The parties have filed separate joint statements. See ECF Nos. 36 and 37. The parties appeared for a hearing before the undersigned in Redding, California, on August 5, 2020, at 10:00 a.m. Aghavni Kasparian, Esq., appeared telephonically for plaintiff. Lisa Gruen, Esq., appeared telephonically for defendant Sunbeam. After considering the parties' argument, the matters were submitted.

///

///

///

///

///

1

# I. BACKGROUND

## A. **Plaintiff's Allegations**

This action proceeds on plaintiff's first amended complaint for negligence, strict liability, and breach of implied warranty. See ECF No. 9. Plaintiff purchased a blender designed, assembled, and manufactured by defendant Sunbeam. The blender was purchased at a store operated by defendant Walmart. On April 13, 2017, plaintiff was using the blender to make hummus when the pitcher detached from the threaded blade attachment and exposed the spinning bade assembly. Plaintiff claims he sustained severe permanent disfiguring injuries to both hands as a result. Plaintiff alleges his injury was caused by various design defects in the blender.

## B. **Procedural History**

Defendant Sunbeam responded to the first amended complaint by way of a motion to dismiss filed on June 13, 2018. See ECF No. 11. Defendant Walmart filed its answer to the first amended complaint on July 12, 2018. See ECF No. 19. On February 15, 2019, the District Judge granted Sunbeam's motion to dismiss and dismissed plaintiff's third claim for breach of implied warranty against Sunbeam for lack of vertical privity. See ECF No. 23. Defendant Sunbeam then filed its answer to the first amended complaint on February 28, 2019. See ECF No. 25. On July 19, 2019, the Court approved the parties' stipulated protective order regarding confidential discovery. See ECF No. 31.

Pursuant to the Court's initial scheduling order, discovery shall be completed within 240 days (approximately eight months) from the date the last answer is filed. See ECF No. 6, pg. 2. The docket does not reflect any modification of the schedule. The last answer was filed on February 28, 2019. The eight-month window for completion of discovery closed at the end of October 2019. The currently pending discovery motions were not filed until June 2020.

/ / /
/ / /
/ / /
/ / /
/ / /

## II.  SUMMARY OF DISCOVERY DISPUTE

Plaintiff's motions concern defendant Sunbeam's responses to plaintiff's interrogatories, set one, and requests for production, set one.

Plaintiff served defendant Sunbeam interrogatories, set one, on April 5, 2019, and Sunbeam served responses on May 30, 2019.  See ECF No. 36, pg. 15.  Almost a year later, counsel for plaintiff sent a meet-and-confer letter to Sunbeam's counsel on April 6, 2020.  See id. Plaintiff ultimately agreed to provide Sunbeam's counsel to June 5, 2020, to serve amended responses.  See id.  According to plaintiff, as of June 22, 2020 – a week prior to the filing of the joint statements – plaintiff has not received amended responses.  See id.  Plaintiff seeks an order compelling Sunbeam to provide further responses to interrogatory nos. 1-8, 10, and 13-16.

Plaintiff served defendant Sunbeam requests for production of documents, set one, on April 5, 2019, and Sunbeam served responses on May 30, 2019.  See ECF No. 37, pgs. 15-16. Almost a year later, counsel for plaintiff sent a meet-and-confer letter to Sunbeam's counsel on April 6, 2020.  See id. at 16.  Plaintiff ultimately agreed to provide Sunbeam's counsel to June 5, 2020, to serve amended responses.  See id.  According to plaintiff, as of June 22, 2020 – a week prior to the filing of the joint statements – plaintiff has not received amended responses.  See id. According to Sunbeam, it produced responsive documents on May 30, 2019, June 5, 2020, and June 22, 2020.  See id. at 17. Plaintiff seeks an order compelling Sunbeam to provide further responses to requests for production nos. 1-4, 6-13, 23, 25-26, 32, 41, 45, 48, 50, 70-78, 80-83, 88, 105-107, 109-111, and 118 (relating to the model blenders), nos. 14-17, 19-22, 24, 31, 33-40, 46-47, 49, 51-58, 60-63, 66-69, 79, 84-87, and 90-92 (relating to the same model as the subject blender), nos. 18, 59, 64-65, 89, and 120-121 (relating to the subject blender), no. 12 (relating to advertisements for the model blenders), nos. 42-44 (relating to patent documents for the model blenders), nos. 28-30, and 112-113 (relating to Underwriters Laboratories), no. 98 (relating to Sunbeam's document retention policy), nos. 94 and 99 (relating to Sunbeam's affirmative defenses), nos. 100-103, 108, 114-116, and 119  (relating to prior claims and lawsuits), no. 117 (relating to contractual documents between Sunbeam and Walmart).

///

### III.  DISCUSSION

Plaintiff's motions are untimely.  Pursuant to the Court's initial scheduling order, discovery was due to be completed within eight months after filing of the last answer in this case. The last answer was filed in February 2019.  The Eighth-month discovery period ended in October 2019.  Plaintiff's motions were filed eight months later in June 2020.  A review of the docket reflects that the scheduling order has not been modified since it was originally issued in May 2018.

With respect to a number of the items of disputed discovery, defendant Sunbeam indicates the need to supplement its responses, as follows:

    1.    With respect to its responses to both interrogatories and requests for production, defendant Sunbeam states it will withdraw all its general boilerplate objections.  See ECF Nos. 36, pg. 18 and 37, pg. 22.

    2.    Sunbeam agrees to withdraw its objections to plaintiff's interrogatory no. 5.  See ECF No. 36, pg. 51.

    3.    In response to plaintiff's interrogatory no. 15, Sunbeam states that its investigation continues.  See ECF No. 36, pg. 96.

    4.    With respect to the absence of a privilege log accompanying documents produced in response to plaintiff's requests for production, Sunbeam states it will withdraw all objections based on privilege, thereby obviating the requirement of producing a privilege log.  See ECF No. 37, pg. 19.

    5.    With respect to responses to plaintiff's requests for production in which Sunbeam indicated that documents were produced, Sunbeam neglected to indicate in its initial responses that all documents within its possession, custody, and control were being produced.  See e.g. ECF No. 37, pg. 69.

    6.    With respect to plaintiff's request for production no. 94 seeking documents upon which defendant Sunbeam based the denials and affirmative defenses outlined in its answer, Sunbeam responded that its "investigation continues" and that responsive documents would be produced within 30 days of entry of a protective order.  See ECF No. 36, pgs. 164-65. A review of the document reflects that a stipulated protective order was entered on the docket on July 19, 2019, and, as discussed above, discovery has closed.

    7.    With respect to plaintiff's request for production no. 99 seeking documents Sunbeam contends refute plaintiff's claims, Sunbeam responded that its "investigation continues."  See ECF No. 27, pg. 165.

///

Sunbeam is obligated under Federal Rule of Civil Procedure 26(e)(1) to supplement its initial responses.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel, ECF Nos. 34 and 25, are denied without prejudice as untimely;

2. Plaintiff may renew his motions upon extension of the discovery completion deadline and upon the filing of new joint statements; and

3. Defendant Sunbeam shall serve supplemental discovery responses pursuant to Rule 26(e)(1) within 30 days of the date of this order.

Dated:  August 7, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE