Aghavni V. Kasparian, SBN 204136
Zareh A. Jaltorossian, SBN 205347
**KP LAW**
150 E. Colorado Blvd., Suite 206
Pasadena, CA 91105
Tel:  (626) 639-3525; Fax:  (213) 986-3121
E-mail:  akasparian@kplitigators.com
             zjaltorossian@kplitigators.com

Attorneys for Plaintiff
**NOEL COGBURN**

Lisa P. Gruen, SBN 116077
**GOLDBERG SEGALLA LLP**
777 S. Figueroa Street, 20th Floor
Los Angeles, CA 90017
Tel: (213) 415-7200; Fax: (213) 415-7299
E-mail: lgruen@goldbergsegalla.com

Attorneys for Defendants
**SUNBEAM PRODUCTS, INC. AND WALMART, INC.**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL COGBURN; | Case No.  2:18-cv-01223-TLN-DMC |
| Plaintiff, | **STIPULATION AND ORDER TO MODIFY INITIAL PRETRIAL SCHEDULING ORDER** |
| vs. | |
| SUNBEAM PRODUCTS, INC., DBA JARDEN CONSUMER SOLUTIONS, et. al.; | Trial Date: Not Set |
| Defendants. | |

This stipulation ("Stipulation") is made between Plaintiff Noel Cogburn, Defendant Sunbeam Products, Inc., dba Jarden Consumer Solutions, and Defendant Walmart, Inc. (hereinafter collectively, "Parties") based on the following:

## RECITALS

1. On October 27, 2020, Plaintiff Noel Cogburn filed an Unopposed Amended Motion to Modify the Scheduling Order, which was initially set to be heard on December 3, 2020.  Dkt. No. 43.

2. On October 27, 2020, the Court issued a Minute Order advising the parties to submit a stipulation to modify the scheduling order with proposed dates, in place of the motion, if the Parties wish for a decision in a shorter time frame. Dkt. No. 44.

3. As stated in the Unopposed Amended Motion to Modify the Scheduling Order, none of the Parties believed discovery had "closed." Dkt. No. 43.  The confusion stemmed from certain language in the Initial Pretrial Scheduling Order combined with the amount of time that elapsed between the filing of a Motion to Strike and the ruling thereon and subsequent responsive pleading filed by Sunbeam.  *See id.*

4. The Court issued its *Initial* Pretrial Scheduling Order on May 15, 2018.  Dkt. No. 6.  Sunbeam moved to dismiss the breach of implied warranty cause of action, for which the Court issued its ruling on February 15, 2019, approximately seven months after the Motion to Dismiss was fully briefed.  Dkt. Nos. 11, 23.  Thus, Sunbeam did not answer the Complaint until February 28, 2019.  Dkt. No. 25.  Given the lapse of seven months between the Motion to Dismiss being briefed and ruled upon by the Court and the fact that the May 15, 2018 Order was an *Initial* Pretrial Scheduling Order, the Parties anticipated receiving another Order Scheduling a Rule 26 Conference.  Based on these events, the Parties proceeded under the assumption that discovery was open and ongoing,

1 awaited an Order setting a Rule 26 Conference, and did not serve Initial
2 Disclosures, conduct depositions, or conduct expert discovery.
3     5.    In the interim, the parties were diligent in obtaining written discovery to the extent possible. Certain delays occurred with regard to the discovery and subpoena process due, in large part, to complications caused by the destruction of medical and other records in the Camp Fire in Paradise, California in 2018. The discovery process, especially as regards depositions, has been further hampered greatly by the COVID-19 pandemic and stay at home orders as the Defendants are located out of state and are under travel restrictions as is defense counsel and as to Plaintiff's location in Northern California while both defense and plaintiff's counsel are located in Southern California.

    6.    On July 7, 2020, Plaintiff filed a motion to compel responses to certain requests for production and interrogatories, which was scheduled for hearing on August 5, 2020 before Magistrate Judge Cota. Dkt. No. 37. At that hearing, Judge Cota stated, to the complete shock of all parties, that, in his view, discovery had closed pursuant to the terms of the Initial Pretrial Scheduling Order, given the Scheduling Order's language that discovery had to be completed within 240 days of the date Sunbeam "may" answer the complaint. Dkt. 41. That, however, is not how the Parties had interpreted the Initial Pretrial Scheduling Order. Rather, all Parties had believed that the deadline was to be determined after the Court set a Rule 26 Conference and requested a Joint Rule 26 Report, as typically occurs in District Court cases.

    7.    There is good cause to reopen discovery since all Parties were under the same reasonable impression that discovery had not been closed and were proceeding diligently to complete it. The Parties reasonably believed that the time to complete discovery commenced from the Rule 26 Conference. Their belief was reasonable given that there was no order regarding a Rule 26 report or Rule 26 Conference. Further, the Parties have been diligent in trying to complete

1 discovery, having exchanged several requests for production of documents and
2 interrogatories. What is more, all of the factors courts consider for reopening
3 discovery are satisfied here, in that the parties have been diligent in conducting
4 discovery, their efforts to complete discovery have been impeded by wildfires and
5 a pandemic which caused complications over which they had no control and the
6 reopening of discovery would not prejudice any party. On the other hand, if
7 discovery is not reopened, both parties would be severely prejudiced and would
8 essentially be forced to be subjected to trial by surprise.

## **STIPULATION**

NOW THEREFORE, the Parties hereby agree and stipulate that, subject to the Court's order, the Initial Pretrial Scheduling Order be modified as follows:

(a) The Parties have to serve Initial Disclosures and complete the fact depositions and discovery by February 26, 2021;

(b) The Parties designate in writing and file with the Court the name, address, and area of expertise of each expert they proposed to tender at trial not later than April 30, 2021;

(c) The Parties designate a supplemental list of expert witnesses by June 1, 2021; and

(d) All expert discovery (including depositions) shall be completed by June 29, 2021.

SO STIPULATED.

DATED: November 6, 2020          **KP LAW**

By: */S/ Aghavni V. Kasparian*
Aghavni V. Kasparian
Attorneys for Plaintiff
**NOEL COGBURN**

1 | DATED:  November 6, 2020        **GOLDBERG SEGALLA**

By: /S/ *Lisa P. Gruen*
Lisa P. Gruen
Attorneys for Defendants
**SUNBEAM PRODUCTS, INC., DBA JARDEN CONSUMER SOLUTIONS, AND WALMART, INC.**

# ORDER

After consideration of the Stipulation, the Court's file in this action, and good cause appearing to modify the Initial Pretrial Scheduling Order (Dkt. No. 6), the Court modifies its Initial Pretrial Scheduling Order as follows:

(a) The Parties have to serve Initial Disclosures and complete the fact depositions and discovery by February 26, 2021.

(b) The Parties shall designate in writing and file with the Court the name, address, and area of expertise of each expert they propose to tender at trial not later than April 30, 2021;

(c) The Parties shall designate a supplemental list of expert witnesses by June 1, 2021; and

(d) All expert discovery (including depositions) shall be completed by June 29, 2021.

IT IS SO ORDERED.

Dated: November 6, 2020

_____
Troy L. Nunley
United States District Judge