**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOEL COGBURN, | No.  2:18-CV-1223-TLN-DMC |
| Plaintiff, | |
| v. | ORDER |
| SUNBEAM PRODUCTS, INC., et al., | |
| Defendants. | |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court are Plaintiff's motions to compel further responses to interrogatories, see ECF No. 47, and requests for production, see ECF No. 48.  The parties have filed amended joint statements and supporting declarations for each motion.  See ECF Nos. 50, 51, 52, 53-1, 53-2, 58, and 59.

The matters came on for hearing before the undersigned in Redding, California, on January 13, 2021, at 10:00 a.m.  Aghavni Kasparian, Esq., appeared telephonically for Plaintiff. Steven Vahidi, Esq., appeared telephonically for Defendant Sunbeam.  After considering arguments presented by counsel, the matters were submitted.

/ / /

/ / /

/ / /

1

# I. BACKGROUND

### A.      <u>Plaintiff's Allegations</u>

This action proceeds on Plaintiff's first amended complaint for negligence, strict liability, and breach of implied warranty.  <u>See</u> ECF No. 9.  Plaintiff purchased a blender designed, assembled, and manufactured by Defendant Sunbeam.  The blender was purchased at a store operated by Defendant Walmart.  On April 13, 2017, Plaintiff was using the blender to make hummus when the pitcher detached from the threaded blade attachment and exposed the spinning bade assembly.  Plaintiff claims he sustained severe permanent disfiguring injuries to both hands as a result.  Plaintiff alleges his injury was caused by various design defects in the blender.

### B.      <u>Procedural History</u>

Defendant Sunbeam responded to the first amended complaint by way of a motion to dismiss filed on June 13, 2018.  <u>See</u> ECF No. 11.  Defendant Walmart filed its answer to the first amended complaint on July 12, 2018.  <u>See</u> ECF No. 19.  On February 15, 2019, the District Judge granted Sunbeam's motion to dismiss and dismissed Plaintiff's third claim for breach of implied warranty against Sunbeam for lack of vertical privity.  <u>See</u> ECF No. 23.  Defendant Sunbeam then filed its answer to the first amended complaint on February 28, 2019.  <u>See</u> ECF No. 25.  On July 19, 2019, the Court approved the parties' stipulated protective order regarding confidential discovery.  <u>See</u> ECF No. 31.

Pursuant to the Court's initial scheduling order, discovery shall be completed within 240 days (approximately eight months) from the date the last answer is filed.  <u>See</u> ECF No. 6, pg. 2.  The last answer was filed on February 28, 2019.  The eight-month window for completion of discovery established in the original scheduling order closed at the end of October 2019.  In June 2020, Plaintiff filed motions to compel which were denied without prejudice as untimely on August 10, 2020.  <u>See</u> ECF No. 41.  On November 9, 2020, and again on January 22, 2021, the District Judge approved the parties' stipulations to modify the litigation schedule.  <u>See</u> ECF Nos. 46 and 62.  The new non-expert discovery cut-off date is June 1, 2021.  <u>See</u> ECF No. 62.

/ / /

## II.  SUMMARY OF DISCOVERY DISPUTE

Plaintiff's motions concern Defendant Sunbeam's supplemental responses to Plaintiff's interrogatories, set one, and requests for production, set one.

### A.      Requests for Production, Set One

Plaintiff served defendant Sunbeam requests for production, set one, on April 5, 2019, and Sunbeam served responses on May 30, 2019.  See ECF No. 59, pg. 9.  Almost a year later, counsel for plaintiff sent a meet-and-confer letter to Sunbeam's counsel on April 6, 2020.  See id.  Plaintiff ultimately agreed to provide Sunbeam's counsel to June 5, 2020, to serve amended responses.  See id. at 10.  According to Plaintiff, On June 5, 2020, Sunbeam produced 14 documents and, on June 22, 2020, another 10 documents in Spanish with no translation.  See id.  Following the Court's August 10, 2020, order denying Plaintiff's prior motions to compel as untimely, Sunbeam served first amended responses to Plaintiff's requests for production on September 10, 2020, and second amended responses on October 20, 2020.  See id. at 10-11.

At issue are Plaintiff's requests for the following categories of documents:

Documents Related to the Model Blenders.  See ECF No. 59, pgs. 13-87.

Documents Related to the Same Model Blender as the Subject Blender.  See ECF No. 59, pgs. 87-169

Documents Related to the Subject Blender.  See ECF No. 59, pgs. 169-184.

Documents Related to Advertisements for the Model Blenders.  See ECF No. 59, pgs. 184-195.

Documents Related to Patents for the Model Blenders.  See ECF No. 59, pgs. 195-208.

Documents Related to Underwriters Laboratories.  See ECF No. 59, pgs. 208-220.

Documents Related to Affirmative Defenses.  See ECF No. 59, pgs. 221-225.

Documents Related to Prior Claims and Lawsuits.  See ECF No. 59, pgs. 225-242.

Documents Related to Contracts Between Sunbeam and Walmart.  See ECF No. 59, pgs. 242-252.

1        **B.**      <u>**Interrogatories, Set One**</u>

2               Plaintiff served defendant Sunbeam requests for production of documents, set one,

3 on April 5, 2019, and Sunbeam served responses on May 30, 2019. <u>See</u> ECF No. 58, pg. 10.

4 Almost a year later, counsel for plaintiff sent a meet-and-confer letter to Sunbeam's counsel on

5 April 6, 2020. <u>See</u> <u>id.</u> Plaintiff ultimately agreed to provide Sunbeam's counsel to June 5, 2020,

6 to serve amended responses. <u>See</u> <u>id.</u> Following the Court's August 10, 2020, order denying

7 Plaintiff's prior motions to compel as untimely, Sunbeam served first amended responses to

8 Plaintiff's interrogatories on September 10, 2020. <u>See</u> <u>id.</u> at 11.

9               At issue are Plaintiff's interrogatories nos. 1-4, 6-8, 10, and 13-16. <u>See</u> ECF No.

10 58, pgs. 2-3.

11

12                          **III. DISCUSSION**

13               The purpose of discovery is to "remove surprise from trial preparation so the

14 parties can obtain evidence necessary to evaluate and resolve their dispute." <u>United States v.</u>

15 <u>Chapman Univ.</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

16 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

17 permitted:

18          Parties may obtain discovery regarding any nonprivileged information that
is relevant to any party's claim or defense and proportional to the needs of

19          the case, considering the importance of the issues at stake in the action, the
amount in controversy, the parties' relative access to relevant information,

20          the parties' resources, the importance of the discovery in resolving the
issues, and whether the burden or expense of the proposed discovery

21          outweighs its likely benefit. Information within this scope of discovery
need not be admissible in evidence to be discoverable.

22          Fed. R. Civ. P. 26(b)(1).

23

24               Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

25 may move for an order compelling an answer, designation, production, or inspection." Fed. R.

26 Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

27 incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

28 discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

The discovery dispute in this case concerns Defendant Sunbeam's supplemental responses to Plaintiff's requests for production, set one, and interrogatories, set one.  The primary dispute raised in the joint statements centers on whether Defendant should be required to produce discovery related to blenders in the same model series as the blender involved in Plaintiff's injury – the Oster Classic Series – but not necessarily the same model blender involved in the injury – the Accurate Blend blender.  As Plaintiff correctly notes in general, discovery of similar models is permitted in product liability cases.  See Hover v. Mack Trucks, Inc., 981 F.2d 377, 381 (8th Cir. 1992).  However, as cases cited by Plaintiff note, the models must be "highly similar," see e.g. In re Aircrash Disaster Near Roselawn Indiana October 31, 1994, 173 F.R.D. 295 (N.D. Ill. 1997), "is not identical," see e.g. Barcenas v. Ford Motor Co., 2004 U.S. Dist. LEXIS 25279, *9 (N.D. Cal. 2004).  The question is whether the other models "share with the accident-causing model those characteristics pertinent to the legal issues raised in the litigation."  Barcenas, 2004 U.S.

5

1    Dist. LEXIS 25279 at *9 (citing <u>Fine v. Facet Aerospace Products Co.</u>, 133 F.R.D. 439, 441

2    (S.D.N.Y. 1990)).

3              According to Plaintiff, all of the blenders in the Oster Classic Series share the

4    same user manual.  <u>See</u> ECF No. 51, ¶ 9 and Exhibit 7 (Kasparian declaration).  All models in the

5    series are described as "Push Button Blenders."  <u>See</u> <u>id.</u>  And all models in the series require the

6    user to properly align the pitcher and the base tabs and nothing prevents blender operation if the

7    base tabs are not properly aligned.  <u>See</u> <u>id.</u>  Moreover, all models in the series have blades that

8    spin in the same direction as the direction required to remove the pitcher from the base, a defect

9    Plaintiff alleges caused his injury.  <u>See</u> <u>id.</u>  Defendant concedes this point.  <u>See</u> ECF No. 59, pg.

10   86.  Given this evidence, Plaintiff has made a sufficient threshold showing of similarity with

11   respect to the Oster Classic Series blenders, which includes the blender involved in Plaintiff's

12   injury.

13             Having resolved the primary legal question raised by the parties in the joint

14   statements regarding the appropriate scope of discovery in this action, the Court next addresses

15   the specific discovery requests and responses at issue.

16        **A.        <u>Requests for Production</u>**

17             Plaintiff seeks documents from Defendant Sunbeam in nine categories, as outlined

18   above.

19             Defendant notes that it has produced over 1,100 pages of responsive documents,

20   which it references as Bates stamped documents SPI000001 to SPI001140.  <u>See e.g.</u> ECF No.59,

21   pg. 9.  According to Plaintiff, Sunbeam's production was improperly conditioned on its

22   objections. Further, all responsive documents have <u>not</u> been produced notwithstanding

23   Sunbeam's statements in supplemental responses to the contrary.  <u>See e.g.</u> <u>id.</u> at 81-83.

24   Additionally, Plaintiff complains that many of the documents which have been produced are in

25   Spanish with no translation provided.  <u>See</u> <u>id.</u> at 10.

26   / / /

27   / / /

28   / / /

6

Turning first to documents that have been produced, the Court agrees with Plaintiff that Defendant Sunbeam's production was improperly conditioned.  For each supplemental response indicating documents were being produced, Defendant stated:

> Subject to and without waiving the foregoing objection(s), investigation continues.  Any responsive documents to this request which are in the possession, custody, and control of the Responding Party have been produced.  Responding Party refers Propounding Party to documents previously produced and bates stamped SPI000001 to SPI001140.

ECF No. 52, pg. 127 (Defendant's supplemental response to request for production no. 1).

Given Defendant's position that it should not be required to produce documents unrelated to the exact same model as the blender used by Plaintiff, it is clear Defendant has not in fact produced all responsive documents and that its production was conditioned on its objections.  Defendant has failed to specify which documents were produced and which were withheld based on objection.  See Fed. R. Civ. P. 34(b)(2).

Regarding documents produced in Spanish, Defendant states:

> Following the entry of a Stipulated Protective Order, on June 5, 2020, and Plaintiff's meet and confer efforts, Sunbeam performed a diligent search and produced an additional 703 pages of documents to Plaintiff.  On June 22, 2020, Sunbeam produced another 237 pages of documents, which documents were in Spanish.  As the subject product is manufactured in Mexico, the documents were produced in the manner in which they are kept in the ordinary course of business.  Sunbeam is not obligated to provide English translations of these documents. . . .

ECF No. 59, pgs. 11-12.

Plaintiff cites no authority requiring Defendant to produce documents in English and the Court will not order that Defendant do so.

Defendant Sunbeam shall, however, be required to serve further responses to Plaintiff's requests for production, set one, which comply with Rule 34(b)(2) and specify which documents have been or are being produced and which documents have not been or are not being produced and upon which objection such documents have been or are being withheld.  If documents are being withheld, Defendant Sunbeam shall provide a privilege log as appropriate.

/ / /

1         1.       <u>Documents Related to the Model Blenders</u>

2           At issue are Plaintiff's requests for production nos. 1-4, 6-13, 23, 25-26, 32, 41,

3 45, 48, 50, 70-78, 80-83, 88, 105-107, 109-111, and 118.  <u>See</u> ECF No. 59, pgs. 13-87.  Plaintiff

4 seeks documents related to the "model blenders," which Plaintiff describes as those blenders from

5 the same model series – the Oster Classic Series.  <u>See</u> ECF No. 51, pg. 10.  Blenders in this model

6 series include the Accurate Blend, Simple Blender, Precise Blender, 16-Speed Blender, Pure

7 Blender, Rapid Blender, Precise Blend 16-Speed Blender, Heritage Blender, Whirlwind Blender,

8 Blender with Reversing Blade Technology, and Kitchen Center Blender.  <u>See</u> <u>id.</u>  The blender

9 involved in this case is an Accurate Blend blender from the Oster Classic Series.  <u>See</u> <u>id.</u>

10           According to Plaintiff, Sunbeam has refused to produce any documents relating to

11 any of the model blenders similar to the specific blender at issue in this case.  <u>See</u> ECF No. 59,

12 pg. 74.

13           Defendant maintains that these discovery requests are overbroad "because they are

14 not properly limited to . . . time frame. . . ."  This objection is sustained as to requests for

15 production nos. 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 23, 25, 26, 32, 41, 45, 48, 50, 70, 71, 80, 82,

16 83, 88, 106, 107, 109, 110, 111, and 118 – none of which reference any time frame and, as such,

17 are unreasonably unlimited in time.  The objection is overruled as to requests for production nos.

18 72, 73, 74, 75, 76, 77, 78, 81, 105 – all of which specify the timeframe April 13, 2007, to the

19 present.

20           Sunbeam also raises its primary objection regarding all the discovery in dispute,

21 specifically that Plaintiff is only entitled to discovery concerning the same model blender as was

22 involved in Plaintiff's injury.  <u>See</u> <u>id.</u> at 83-87.  Sunbeam repeats this argument verbatim

23 throughout the joint statements.  <u>See e.g.</u> ECF Nos. 58 and 59 (joint statements). For the reasons

24 discussed above, Sunbeam will be ordered to provide further responses and produce responsive

25 documents regarding all the blenders in the Oster Classics Series.  The discovery is limited in

26 time to the period April 13, 2007, to the present as to requests for production nos. 1, 2, 3, 4, 6, 7,

27 8, 9, 10, 11, 12, 13, 23, 25, 26, 32, 41, 45, 48, 50, 70, 71, 80, 82, 83, 88, 106, 107, 109, 110, 111,

28 and 118.

2.      Documents Related to the Same Model Blender as the Subject Blender

At issue are Plaintiff's requests for production nos. 14-17, 19-22, 24, 31, 33-40, 46-47, 49, 51-58, 60-63, 66-69. 79, 84-87, and 90-92  See ECF No. 59, pgs. 87-169.  Plaintiff seeks documents relating to the Accurate Blend blender from the Oster Classic Series, which is the same model as the subject blender.  See ECF No. 59, pg. 158.  Sunbeam maintains these discovery requests are "vague, ambiguous, and overbroad as they are not limited in time or scope forcing Sunbeam to speculate as to the time frame and scope of the question." Id. at 168.  Sunbeam states that it will produce responsive documents if the requests are limited in time.  See id.

Defendant's objection is sustained as to all requests for production of documents in this category – none of which references any time frame and, as such, are unreasonably unlimited in time.  Defendant Sunbeam will be directed to provide all documents responsive for the time period April 13, 2007, to the present.

3.      Documents Related to the Subject Blender

At issue are Plaintiff's requests for production nos. 18, 59, 64-65, 89, and 120-121.  See ECF No. 59, pgs. 169-184.  Plaintiff seeks documents relating to the actual blender involved in Plaintiff's injury.  See id. at 178-83.  As with the category of documents discussed above, Sunbeam objects to this category because the requests are not limited in timeframe.  See id. at 183-84.  None of Sunbeam's other objections are argued in the joint statement.

i.      Request No. 18

This request seeks documents demonstrating that the same blender involved in Plaintiff's injury met all specified design requirements.  Defendant responded that this request sought the same information as request for production no. 17 and referred to its response to that request.  Given that request for production no. 17, discussed above, seeks documents related to all of the Oster Classics Series, of which the blender involved in Plaintiff's injury is one, request for production no. 18 is duplicative.  Defendant's objection is sustained.

/ / /

9

1

ii.      Request No. 59

2       This request seeks documents demonstrating that the same blender involved in

3  Plaintiff's injury met all specified manufacturing requirements and inspections.  Defendant

4  produced "the UL [Underwriters Laboratories] Listing File for the Model 6694 Blender."  Such

5  documents, however, are not fully responsive to the extent UL approval does not constitute the

6  entire universe of manufacturing requirements and inspections related to the blender involved in

7  Plaintiff's injury.  Defendant will be directed to produce additional responsive documents if any

8  exist over the time period April 13, 2007, to the present.

9

iii.      Request No. 64

10      This request seeks documents pertaining to the sale to Walmart of the blender

11  involved in Plaintiff's injury.  Defendant's response referred Plaintiff to its response to request for

12  production no. 63, which sought documents related to the sale to any retailer of the Accurate

13  Blend model blender.  In response to request for production no. 63, Defendant Sunbeam produced

14  the shipping records for the same blender involved in Plaintiff's injury.  Request for production

15  no. 64 – which seeks the information already provided in response to request for production no.

16  63 – is duplicative.  Defendant's objection is sustained.

17

iv.      Request No. 65

18      This request seeks documents referencing the date on which the blender involved

19  in Plaintiff's injury was manufactured.  Defendant's response directed Plaintiff to "see the plug

20  blade" which Defendant states on information and belief shows the marking "J070T2," which

21  Defendant states indicates the product was manufactured on March 11, 2016, in Acuna, Mexico.

22  This response is insufficient in that Plaintiff does not seek to merely discover the date of

23  manufacture, but the documents that evidence it.  Defendant will be directed to produce

24  responsive documents.

25  / / /

26  / / /

27  / / /

28  / / /

10

1

                v.       <u>Request No. 89</u>

2

        This request seeks documents between Defendant Sunbeam and any supplier of the

3

blender involved in Plaintiff's injury which discuss safety concerns about the manufacturing

4

processes of and/or products produced by the supplier.  This request necessarily describes a single

5

supplier because the same product cannot be manufactured by more than one supplier.  Defendant

6

states it produced responsive documents relating to the blender involved in Plaintiff's injury.

7

Plaintiff has not offered any argument otherwise.  Plaintiff's motion will be denied as to request

8

for production no. 89.

9

               vi.      <u>Request No. 120</u>

10

        This request seeks all documents relating to "all inspections or tests conducted" on

11

the blender involved in Plaintiff's injury.  Defendant responded that it has not been provided an

12

opportunity to examine the blender.  Though Defendant's response is somewhat evasive, the

13

request is vague as to timeframe.  Defendant will be directed to produce responsive documents

14

over the time period April 13, 2007, to the present.

15

              vii.     <u>Request No. 121</u>

16

        This request seeks all documents relating to repairs conducted on the blender

17

involved in Plaintiff's injury.  Defendant responded that no such documents exist in its

18

possession, custody, or control, and Plaintiff has not suggested otherwise.  Plaintiff's motion will

19

be denied as to request for production no. 121.

20

            4.     <u>Documents Related to Advertisements for the Model Blenders</u>

21

        At issue is Plaintiff's requests for production no. 12.  <u>See</u> ECF No. 59, pgs. 184-

22

195.  Plaintiff seeks all documents related to advertising by Sunbeam for the Oster Classic Series

23

blenders.  <u>See id.</u>  Sunbeam repeats its argument that Plaintiff is not entitled to such a broad scope

24

of discovery and that it should be limited to the same blender involved in Plaintiff's injury.  <u>See</u>

25

<u>id.</u> at 191-95.  For the reasons discussed above, this argument is not persuasive.  Plaintiff's

26

motion will be granted as to request for production no. 12, subject to reasonable limitation in

27

timeframe to the period April 13, 2007, to the present, and the Court's protective order to the

28

extent any information is confidential.

1          5.      Documents Related to Patents for the Model Blenders

2          At issue are Plaintiff's requests for production nos. 42-44.  See ECF No. 59, pgs.

3  195-208.  Plaintiff seeks documents relating to the patents and/or trademarks for the Oster Classic

4  Series model blenders.  See id. at 199-204.  In the joint statement, Sunbeam reiterates its

5  argument, discussed above, that Plaintiff is not entitled to discovery concerning blenders other

6  than the blender involved in Plaintiff's injury or the same model blender.  See id. at 204-208.

7  While not argued in the joint statement, Defendant Sunbeam also objects based on overbreadth

8  given that the requests are unlimited in time.  See e.g. id. at 196 (Sunbeam's supplemental

9  response to request for production no. 42).

10         Plaintiff's motion will be granted in that, as discussed above, Plaintiff is entitled to

11  discovery relating to all the similar blenders in the Oster Classic Series.  Defendant's objection

12  based on overbreadth is, however, sustained.  Defendant Sunbeam shall be required to provide

13  responsive documents over the limited time period April 13, 2007, to the present.

14         6.      Documents Related to Underwriters Laboratories

15         At issue are Plaintiff's requests for production nos. 28-30, 112-113.  See ECF No.

16  59, pgs. 208-220.  Plaintiff seeks documents relating to Underwriters Laboratories' approval of

17  the model blenders in the Oster Classic Series.  See id. at 212-17.  Defendant objects based on

18  lack of timeframe, see e.g. id. at 209 (Sunbeam's supplemental response to request for production

19  no. 29) and, overbreadth to the extent Plaintiff seeks information relating to blenders other than

20  the blender involved in Plaintiff's injury, see id. at 218-20.

21         Plaintiff's motion will be granted as to requests for production 112 and 113, but

22  responsive documents should be narrowed in timeframe to the period April 13, 2007, to the

23  present.

24         Plaintiff's motion will, however, be denied as to requests for production nos. 28,

25  29, and 30 because those requests are not proper.  Request no. 28 states: "UL 60335-1 (i.e., Safety

26  of Household and Similar Appliance Part 1: General Requirements and/or Standard for Safety of

27  Household and Similar Electrical Appliances, Part 1: General Requirements)."  ECF No. 51, pg.

28  16 (Plaintiff's requests for production, set one).  Request no. 29 states: "UL 60335-2-14 (i.e.,

1    Subject 60335-2-14 Household and Similar Electrical Appliances, Part 2: Particular Requirements

2    for Kitchen Machines).”  Id.  Request no. 30 states: “UL 60335-2-25 (i.e., Subject for Household

3    and Similar Electrical Appliances).”  Id.  These are statements, not requests.  Moreover, the

4    documents referenced are available for public purchase on the Internet.

5                          7.       Documents Related to Affirmative Defenses

6                  At issue are Plaintiff’s requests for production nos. 94 and 99.  See ECF No. 59,

7    pgs. 221-225.  Plaintiff seeks documents relating to Defendant Sunbeam’s denials and defenses.

8    See id. at 223-25.  Defendant responded by stating its “investigation continues” and that all

9    responsive documents have been produced.  See e.g. id. at 222 (Sunbeam’s supplemental

10   response to request for production no. 94).  Plaintiff argues Sunbeam’s responses are evasive.

11   See id. at 223-25.  On Defendant’s representation that all responsive documents have been

12   produced, Plaintiff’s motion will be denied subject to Defendant Sunbeam’s ongoing obligation to

13   supplement its discovery responses as additional responsive documents are discovered.

14                         8.       Documents Related to Prior Claims and Lawsuits

15                 At issue are Plaintiff’s requests for production nos. 100-103, 108, 114-116, and

16   119.  See ECF No. 59, pgs. 225-242.  Plaintiff seeks documents concerning prior claims and

17   lawsuits relating to the Oster Classic Series model blenders.  See id. at 235-42.  Defendant

18   Sunbeam renews its contention that it should not be required to produce documents related to

19   blenders other than the blender involved in Plaintiff’s injury or the same model blender.  See id.

20   at 242.  Sunbeam also argues in the joint statement that, in response to special interrogatories,

21   Sunbeam responded that “there have been no lawsuits filed involving similar incidents for the

22   subject model blender.”  Id.

23                 As discussed above, Plaintiff is entitled to discovery relating to not just the blender

24   involved in Plaintiff’s injury but all the Oster Classic Series blenders.  Moreover, Sunbeam’s

25   answers to special interrogatories do not adequately respond to the requests for production.

26   Sunbeam answered that there have been no lawsuits involving similar incidents for the “subject

27   model blender.”  It is unclear whether Sunbeam’s response includes all Oster Classic Series

28   model blenders or just the same model from that series that was involved in Plaintiff’s injury.

13

1   Given Sunbeam's position, it is safe to presume that its response was limited to the same blender

2   involved in Plaintiff's injury.  Additionally, the requests seek documents relating to claims and

3   lawsuits.  Sunbeam's response to special interrogatories regarding lawsuits does not encompass

4   claims that did not advance to formal litigation.

5          Plaintiff's motion will be granted as to requests for production in this category

6   subject to reasonable limitation in timeframe over the period from April 13, 2007, to the present.

7          9.      Documents Related to Contracts Between Sunbeam and Walmart

8          At issue is Plaintiff's requests for production no. 117.  See ECF No. 59, pgs. 242-

9   252.  Plaintiff seeks documents relating to agreements between Sunbeam and Walmart

10  concerning the Oster Classic Series blenders.  See id. at 244-45.  Sunbeam states that it has

11  produced documents "[s]ubject to and without waiving. . . objection(s)."  Id. at 243-44 (Sunbeams

12  supplemental response to request for production no. 117).  Sunbeam does not raise any objections

13  or arguments relating to privilege.

14         Given Sunbeam's position throughout, it is clear that Sunbeam has not produced

15  documents concerning blenders other than the same blender involved in Plaintiff's injury.

16  Plaintiff is entitled to broader discovery, as discussed above, because other blenders in the Oster

17  Classic Series are similar to the blender involved in Plaintiff's injury.  To the extent responsive

18  documents are privileged, a protective order is in place.  Plaintiff's motion will be granted as to

19  request for production no. 117 subject to a reasonable limitation as to timeframe to the period

20  April 13, 2007, to the present.

21     **B.     Interrogatories**

22         At issue are Defendant Sunbeam's supplemental responses to Plaintiff's

23  interrogatories nos. 1-4, 6-8, 10, and 13-16.  See ECF No 58, pgs. 2-3.

24         1.      Interrogatory No. 1

25         Plaintiff seeks identification of all United States and Canadian patents applicable

26  to the Oster Classic Series model blenders.  See id. at 13.  Defendant objected to the interrogatory

27  as burdensome because it was not limited to the model blender involved in Plaintiff's injury.  See

28  id. at 13-14.  For the reasons discussed above, Plaintiff is entitled to a broader range of discovery.

14

1        Defendant Sunbeam, in its supplemental response, stated:

2

            Subject to and without waiving the foregoing objection(s), the
3    Responding Party has not had an opportunity to examine the subject blender.
Further responding, patent numbers are typically identified on the base of the
blender.

4

5        Id. at 14 (Sunbeam's supplemental response to interrogatory no. 1).

6  This response is evasive in that the interrogatory was not limited to only the subject blender, nor

7  did it did ask for the typical location of patent numbers.

8        Plaintiff's motion will be granted as to interrogatory no. 1 and Defendant will be

9  ordered to provide a further response to this interrogatory.

10        2.      Interrogatory No. 2

11        Plaintiff seeks the identities of anyone that intakes complaints related to the model

12  blenders.  See id. at 23.  Defendant objected to the interrogatory as burdensome because it was

13  not limited to the model blender involved in Plaintiff's injury.  See id. at 23-25.  For the reasons

14  discussed above, Plaintiff is entitled to a broader range of discovery.

15        In its supplemental response, Sunbeam stated:

16

            Subject to and without waiving the foregoing objection(s), the
17    Responding Party maintains a call center to field customer inquiries.
Depending upon the nature of the call it can be routed to other departments
or individuals.

18

19        Id. at 25 (Sunbeam's supplemental response to interrogatory no. 2).

20  This response is evasive.  Plaintiff did not inquire generally as to how Sunbeam handles

21  "customer inquiries."  Rather, Plaintiff sought the specific names of the people who may have

22  processed complaints related to the Oster Classic Series blenders.

23        Plaintiff's motion will be granted as to interrogatory no. 2 and Defendant will be

24  ordered to provide a further response to this interrogatory subject to a reasonable limitation in

25  timeframe to the period April 13, 2007, to the present.

26  / / /

27  / / /

28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.      Interrogatory No. 3

Plaintiff asks Defendant to identify the differences, if any, between the various blenders in the Oster Classic Series.  See id. at 31.  Defendant objects that the interrogatory is overbroad and repeats its primary argument.  See id. at 38-41.  For the reasons discussed above, Plaintiff is entitled to discovery related to the Oster Classic Series of blenders.  Plaintiff's motion to compel will be granted as to interrogatory no. 3 and Defendant will be ordered to provide a further response to this interrogatory.

4.      Interrogatory No. 4

Plaintiff seeks the identities of anyone who drafted or revised warnings and/or instructions for the model blenders.  See id. at 41.  Defendant responded to this interrogatory as follows:

> Responding Party further objects as this request is not limited in time and scope.  Subject to and without waiving the foregoing objection(s), the instruction booklet is drafted by various department personnel at Sunbeam.

Id. at 42 (Sunbeam's supplemental response to interrogatory no. 4). Repeating its primary argument, Defendant asserts Plaintiff is only entitled to discovery concerning the subject blender.  See id. at 47-50.

For the reasons discussed with counsel at the hearing, Plaintiff's motion to compel is granted as to interrogatory no. 4, which responses shall cover the period April 13, 2007 to the present.

5.      Interrogatory No. 6

Plaintiff asks whether Sunbeam ever became aware of dangers, hazards, or defects concerning the model blenders and, if so, to state the nature of each such danger, hazard, or defect, state the date Sunbeam became aware of the situation, and state whether Sunbeam ever warned anyone of the problem.  See id. at 51.  Repeating its primary argument, Sunbeam contends Plaintiff is not entitled to discovery concerning blenders other than the subject blender. This argument is unpersuasive for the reasons discussed above.

/ / /

/ / /

16

1    In its supplemental response, Sunbeam states:

2        Subject to and without waiving the foregoing objection(s), see
         attached instruction manual(s).

3    Id. at 52 (Sunbeam's supplemental response to interrogatory no. 6).

4

5    This response is evasive in that Plaintiff did not ask Sunbeam to produce instruction manuals and

6    instruction manuals do not reveal whether Sunbeam ever became aware of dangers, hazards, or

7    defects with the Oster Classic Series blenders.

8        Defendant will be ordered to provide a further response to this interrogatory

9    subject to a reasonable limitation to timeframe to the period April 13, 2007, to the present.

10            6.    Interrogatory No. 7

11       Plaintiff asks Sunbeam to identify anyone that tested the blender involved in

12   Plaintiff's injury.  See id. at 62.  Defendant objected on the ground that the word "tested" is vague

13   and ambiguous and because the interrogatory seeks premature identification of Sunbeam's

14   experts.  See id. at 62-63 (Sunbeam's supplemental response to interrogatory No. 7).  Sunbeam

15   also stated it has not tested the blender post-injury because it is not in its possession, custody, or

16   control.  See id.  In the joint statement, Defendants adds:

17       Sunbeam responded to Plaintiff's interrogatory number 7 and stated
         no testing has been done on the subject blender because it is not within their
18       possession.  Plaintiff is not entitled to attempt to add another interrogatory
         merely because they did not make the appropriate request.  If Plaintiff wants
19       to inquire as to what tests were performed on the subject blender before it
         was sold to Walmart, Plaintiff may propound another interrogatory.
20

21   Id. at 64.

22       While the Court does not find the term "tested" to be vague, the interrogatory is

23   nonetheless ambiguous as to whether it refers to pre-sale testing or post-sale testing.

24   Additionally, the interrogatory can be seen as prematurely seeking the identities of experts who

25   may have conducted testing.  Plaintiff's motion to compel is denied as to interrogatory no. 7.

26   Plaintiff may amend the interrogatory to remove ambiguity.

27   / / /

28   / / /

17

1           7.      Interrogatory No. 8

2          Plaintiff asks Defendant to state the actual costs of manufacture per unit of each of

3    the blenders in the Oster Classic Series.  See ECF No. 58, pg. 64.  Defendant objects that the

4    interrogatory seeks information that is not relevant and that the interrogatory is overbroad with

5    reference to blenders other than the subject blender involved in Plaintiff's injury.  See id. at 65

6    (Sunbeam's supplemental response to interrogatory no. 8).  In the joint statement, Defendant also

7    reiterates its argument regarding Plaintiff's entitlement to discovery relating to blenders other

8    than the subject blender.  See id. at 70-73.

9          For the reasons discussed above, Defendant's repeated argument concerning the

10   scope of Plaintiff's interrogatory no. 8 is unavailing.  Plaintiff is entitled to information

11   concerning all the blenders in the Oster Classic Series.  As to the relevance of the costs to

12   manufacture such blenders, Plaintiff notes that such information is relevant to the risk-benefit

13   analysis Defendant may have engaged in when deciding to sell its products to the public.  See e.g.

14   Saller v. Crown Cork & Seal Co., Inc., 187 Cal. App. 4th 1220, 1233 (2010).  Defendant offers no

15   response to this argument.

16         Defendant will be ordered to provide a further response to Plaintiff's interrogatory

17   no. 8 with a reasonable limitation in timeframe to the period of April 13, 2007, to the present.

18          8.      Interrogatory No. 10

19         Plaintiff asks Defendants to state all facts upon which it bases its affirmative

20   defenses.  See ECF No. 58, pg. 74.  Defendant interposed a number of objections and responded

21   "investigation continues."  Id. at 75 (Sunbeam's supplemental response to interrogatory no. 10).

22   In the joint statement, Sunbeam appears to abandon its objections and argues that Plaintiff's

23   interrogatory is premature because discovery is ongoing.  See id. at 78.  Sunbeam adds:

24   "Sunbeam has agreed to amend or supplement its responses to this request once further crucial

25   investigation into Plaintiff's claims has been conducted."  Id.

26   / / /

27   / / /

28   / / /

1    Defendant's response is evasive.  The ongoing nature of discovery requires parties
2    to supplement their discovery responses as more information becomes available.  It does not
3    justify avoiding all discovery until discovery is complete.  To the extent Sunbeam based its
4    affirmative defenses on facts known to it, Sunbeam should so state.  If it raised affirmative
5    defenses in the absence of any supporting facts, it should so state.  Defendant will be ordered to
6    provide a further response to interrogatory no. 10.

7                    9.        Interrogatory No. 13

8    Plaintiff asks Defendant to identify any and all lawsuits filed against Sunbeam
9    from April 13, 2007, to the present relating to personal injuries allegedly caused by any of the
10   Oster Classic Series blenders.  See id. at 79.  Defendant objected on various grounds and stated:
11   "Subject to and without waiving the foregoing objection(s), no lawsuits have been filed involving
12   similar incidents for the subject model blender."  In the joint statement, Defendant raises its
13   primary argument that discovery should be limited to the subject blender involved in Plaintiff's
14   injury.  See id. at 87-88.  Defendant also argues that the information sought is a matter of public
15   record available to Plaintiff.  See id. at 88.

16   Defendant's repeated argument concerning the scope of discovery is unpersuasive.
17   As discussed above, Plaintiff is entitled to discovery concerning all the blenders in the Oster
18   Classic Series.  Furthermore, while court actions filed against Sunbeam are generally a matter of
19   public record, Defendant waived that objection by not interposing it as part of either its original or
20   supplemental responses.  Finally, because Sunbeam is a global company doing business both
21   domestically and internationally, lawsuits could have been filed anywhere in the world.  Sunbeam
22   is in a much better position to know which lawsuits, if any, filed after April 13, 2007, relate to
23   injuries allegedly sustained by an Oster Classic Series blender.  Defendant will be ordered to
24   provide a further response to interrogatory no. 13 as relating to litigation initiated after April 13,
25   2007 which related to any and all blenders in the Oster Classic Series.

26   / / /
27   / / /
28   / / /

1        10.      Interrogatory No. 14

2        Plaintiff asks Defendant to explain in detail all modifications made to the design of

3    the model blenders since they were first placed on the market.  See id. at 88.  Defendant objected

4    based on scope and repeats in the joint statement its primary argument that Plaintiff is not entitled

5    to discovery concerning blenders other than the subject blender.  See id. at 89, 96-99.  In its

6    supplemental response, Defendant identified modifications to the subject blender made in 2004

7    and 2008.  See id. at 89 (Sunbeam's supplemental response to interrogatory no. 14).

8        For the reasons discussed with counsel at the hearing, Plaintiff's motion to compel

9    is denied as to interrogatory no. 14.  Plaintiff may amend this interrogatory to clarify the more

10   precise nature of the information sought.

11       11.      Interrogatory No. 15

12       Plaintiff asks Defendant to describe all revisions to any warnings or instructions

13   regarding the model blenders since they were first placed on the market.  See id. at 99.  Defendant

14   objected on scope grounds and on the ground that the word "revisions" is vague and ambiguous.

15   See id. at 100 (Sunbeam's supplemental response to interrogatory no. 15).  Defendant also stated

16   in is response: "Subject to and without waiving the foregoing objection(s), investigation

17   continues."  See id.

18       For the reasons discussed with counsel at the hearing, Plaintiff's motion to compel

19   is denied as to interrogatory no. 15.  Plaintiff may amend this interrogatory to clarify the more

20   precise nature of the information sought.

21       12.      Interrogatory No. 16

22       Plaintiff asks Defendant to "Identify all legacy designs of the MODEL

23   BLENDERS."  Id. at 110.  Defendant objected to the phrase "legacy designs" as vague and

24   ambiguous.  See id. at 111 (Sunbeam's supplemental response to interrogatory no. 16).  While

25   neither party addresses the issue in the joint statement, the phrase "legacy designs" is completely

26   undefined and not susceptible to a single common-sense meaning.  Plaintiff's motion to compel

27   will be denied as to this interrogatory.  Plaintiff may amend this interrogatory to clarify the more

28   precise nature of the information sought.

# IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to compel, ECF Nos. 47 and 48, are granted in part and denied in part as outlined in detail above; and

2.      Where further discovery responses have been ordered herein, such responses shall be served on Plaintiff by March 1, 2021

Dated:  February 9, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE