UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL COGBURN,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNBEAM PRODUCTS, INC., dba JARDEN CONSUMER SOLUTIONS; and WALMART, INC.,<br><br>    Defendants. | No. 2:18-cv-01223-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Defendants Sunbeam Products, Inc. dba Jarden Consumer Solutions ("Sunbeam") and Walmart, Inc.'s ("Walmart") (collectively, "Defendants") *Ex Parte* Application to Extend Deadlines for Completion of Fact Discovery. (ECF No. 79.) Plaintiff Noel Cogburn ("Plaintiff") filed an opposition. (ECF No. 80.) Defendants filed a reply. (ECF No. 81.) For the reasons set forth below, the Court hereby GRANTS Defendants' *Ex Parte* Application to Extend Deadlines for Completion of Fact Discovery. (ECF No. 79.)

///
///
///
///
///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the instant action on May 14, 2018, alleging claims for an injury arising from the use of an Oster® Accurate Blend 14 blender ("Blender") purchased from Walmart and manufactured by Sunbeam.  (*See* ECF No. 1.)  On May 15, 2018, the Court entered its Initial Pretrial Scheduling Order.  (ECF No. 6.)  On June 1, 2018, Plaintiff filed the operative First Amended Complaint ("FAC").  (ECF No. 9.)  Defendants filed answers to the FAC.  (ECF Nos. 19, 25.)  On August 26, 2021, Defendants filed the instant *ex parte* application to extend deadlines for completion of fact discovery.  (ECF No. 79.)  On August 27, 2021, Plaintiff filed an opposition (ECF No. 80), and on August 31, 2021, Defendants filed a reply.  The current deadline for service of initial disclosures and completion of fact depositions and discovery is September 1, 2021.  (ECF No. 76.)

### II.    STANDARD OF LAW

In the instant case, the Initial Pretrial Scheduling Order provides that, pursuant to Federal Rule of Civil Procedure ("Rule") 16(b), the Order "shall not be modified except by leave of court upon a showing of **good cause**."  (ECF No. 6 at 6 (emphasis in original).)  Rule 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations and quotations omitted).  "The prejudice to opposing parties, if any, may provide additional grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification."  *Atayde v. Napa State Hosp.*, No. 116-CV-00398-DAD-SAB, 2020 WL 1046830, at *3 (E.D. Cal. Mar. 4, 2020), *reconsideration denied*, No. 116-CV-00398-DAD-SAB, 2020 WL 1937395 (E.D. Cal. Apr. 22, 2020).

///

2

### III.   ANALYSIS

Defendants have filed an *ex parte* application requesting the Court to extend deadlines for completion of fact discovery for the limited purpose of allowing product inspection of the Blender.  (*See* ECF No. 79.)  Defendants assert they "have been actively engaging in discovery and settlement negotiations," but unfortunately due to the COVID-19 pandemic as well as the departure of multiple attorneys, they have been unable to conduct an inspection.  (*Id.* at 6.)

Plaintiff has filed an opposition, arguing Sunbeam has failed to demonstrate excusable neglect as it "first broached the issue of an inspection in August 2019 but failed to follow up despite [Plaintiff's] attorney's willingness and flexibility to accommodate Sunbeam's request." (ECF No. 80 at 7–8.)  Plaintiff notes this took place seven or eight months prior to the shutdown necessitated by the COVID-19 pandemic, meaning Sunbeam had almost two years to schedule an inspection between the time the action was first filed to the first COVID-19 shutdown in March 2020.  (*Id.* at 8.)  Plaintiff maintains the COVID-19 pandemic is not an excuse for failure to schedule an inspection after March 2020 because travel was not impossible and Sunbeam could have re-noticed its request for an inspection.  (*Id.* at 8–9.)  Plaintiff notes there have been prior extensions of the discovery cutoff date and Sunbeam has failed to show diligence in arranging for an inspection of the Blender.  (*Id.* at 10.)  Plaintiff finally contends he would be prejudiced by yet another extension due to the delay in having his claims decided on the merits.  (*Id.* at 11.)

Here, the Court finds the question of good cause and diligence on the part of Defendants to be a very close call.  The Court is sympathetic to Plaintiff's argument that Defendants have not shown diligence in seeking to inspect the Blender.  Plaintiff has attached a declaration filed by his counsel, Aghavni V. Kasparian, who notes that she formally objected to Defendants' Notice of Inspection[1] on the grounds that Sunbeam's counsel did not provide a proposed protocol for inspection nor respond to her inquiry on October 14, 2019 about the terms of the inspection. (ECF No. 80-1 at 3.)  Ms. Kasparian states this occurred five months prior to the COVID-19

---

[1] Ms. Kasparian notes that she received this Notice of Inspection on September 27, 2019, and Defendants unilaterally set the inspection date for October 28, 2019 without consulting her in advance.  (ECF No. 80-1 at 3.)

shutdown and Sunbeam did not follow up regarding an inspection in 2020. (*Id.*) Ms. Kasparian notes it was only after the deposition of Sunbeam's person most qualified in August 2021 — in which he "admitted he could not determine if [Plaintiff's] injury was caused by product misuse without inspecting the [B]lender" — that Defendants' counsel wrote to her to ask to extend the discovery cut-off to accommodate an inspection, blaming the COVID-19 pandemic for the delay. (*Id.* at 5.)

In light of the fact that the instant case arose due to an incident with the Blender, however, the Court finds Defendants' argument persuasive. Defendants note there is a possibility they "will suffer irreparable harm" without an opportunity to test the Blender and will be unable to evaluate Plaintiff's claims regarding defect, reopen meaningful settlement negotiations, or properly prepare for trial. (ECF No. 79 at 6–7.) The Court sees no reason not to believe Defendants and agrees with Defendants that Plaintiff will not be prejudiced because there is no pending trial date. (*Id.* at 7.)

Accordingly, the Court finds good cause exists to modify the Initial Pretrial Scheduling Order pursuant to Rule 16 and GRANTS Defendant's *ex parte* application. *See Johnson*, 975 F.2d at 609.

### IV. CONCLUSION

For the foregoing reasons, Defendants' *Ex Parte* Application to Extend Deadlines for Completion of Fact Discovery is GRANTED. (ECF No. 79.) The current deadline for service of initial disclosures and completion of fact depositions and discovery is therefore extended from September 1, 2021 to November 1, 2021 for the limited purpose of allowing product inspection of the Blender.

IT IS SO ORDERED.

Dated: August 31, 2021

Troy L. Nunley
United States District Judge