**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COGBURN, <br><br> Plaintiff, <br><br> v. <br><br> SUNBEAM PRODUCTS, INC., et al., <br><br> Defendants. | No. 2:18-CV-1223-TLN-DMC <br><br><br> ORDER |

Plaintiff, who is proceeding with retained counsel, brings this products liability action under the Court's diversity jurisdiction. Pending before the Court is Plaintiff's motion to strike portions of Defendants' supplemental expert witness disclosure and/or designation. ECF No. 85. The parties have filed a joint statement and supporting declarations for the motion. See ECF Nos. 87, 87-1, and 87-2. The matter was heard in Redding, California, on December 8, 2021, at 10:00 a.m. Appearing before the Court for Plaintiff was Aghavni Kasparian, Esq. Appearing before the Court for Defendants was Lisa Parel Gruen, Esq.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. BACKGROUND

### A. <u>Plaintiff's Allegations</u>

This action proceeds on Plaintiff's first amended complaint for negligence, strict liability, and breach of implied warranty. See ECF No. 9. Plaintiff purchased a blender designed, assembled, and manufactured by Defendant Sunbeam. The blender was purchased at a store operated by Defendant Walmart. On April 13, 2017, Plaintiff was using the blender to make hummus when the pitcher detached from the threaded blade attachment and exposed the spinning bade assembly. Plaintiff claims he sustained severe permanent disfiguring injuries to both hands as a result. Plaintiff alleges his injury was caused by various design defects in the blender.

### B. <u>Procedural History</u>

Defendants served Plaintiff with a non-expert initial disclosure on September 1, 2021. See ECF No. 87-2, pgs. 5-10. Plaintiff and Defendants both filed their initial expert designation/disclosure on October 1, 2021. See ECF Nos. 83 and 84. Defendants served Plaintiff with their supplemental expert designation on November 8, 2021. See ECF No. 87-1. Plaintiff filed a motion to strike Defendants' supplemental expert designation on November 15, 2021. See ECF No. 85.

## II. SUMMARY OF DISCOVERY DISPUTE

Plaintiff's motion concerns Defendants' supplemental expert witness disclosure and/or designation. The deadline to designate expert rebuttal witnesses was November 8, 2021. See ECF No. 68, pg. 2. Defendants' supplemental expert witness disclosure was served on November 8, 2021. See ECF No. 87-1, pgs. 2, 8. Defendants' disclosure in pertinent part states:

> Defendants further identify the following individuals they may call as non-retained treating experts at the trial of the above-entitled action:
>
> 1. Dr. Christopher Jobe, M.D., 2809 Olive Highway, Ste. 230, Oroville, CA 95966;
>
> 2. Dr. Felicia Kaur Jodhka, Dr. Vu Trong Pham, Dr. Kurt Douglas Rosen, Dr. Jonathan Chih-Jung Wang, Dr. Barry F. Granum, Dr. Andrew Martin Marz, D.O., and any other doctors, nurses, physicians's [sic] assistants or other medical practitioners

2

       who treated Plaintiff at any Kaiser Permanent Hospital or Medical Group facility including but not limited to those in Sacramento, Roseville, Eureka, etc.;

       3.   Any and all medical practitioners who treated Plaintiff at Enloe Medical Center; and

       4.   Any and all medical practitioners who treated Plaintiff at Oroville Hospital.

Id. at 7.

Plaintiff filed a motion to strike portions of Defendants' supplemental expert witness disclosure and/or designation on November 15, 2021. See ECF No. 85. Specifically, Plaintiff moves to strike each of the four provisions in Defendants' disclosure for the following reasons: (1) the witnesses identified by Defendants are new experts who cannot be disclosed for the first time in a supplemental designation; (2) the witnesses are not proper rebuttal experts; (3) Defendants have failed to provide any written reports setting forth these witnesses' opinions; (4) Defendants have failed to state the subject matter on which these witnesses are expected to testify and failed to provide a summary of the facts and opinions to which they are expected to testify; and (5) Defendants have failed to disclose the identities of all the experts they seek to designate. See id. at 2-4. Plaintiff argues that Defendants have thus committed violations of Rule 26(e) and Rule 26(a)(2)(A), (B), (C), and (D) of the Federal Rules of Civil Procedure. See id. at 3.

In the joint statement Defendants state:

    Defendants agree to provide an amended supplemental designation containing a short summary indicating that the designated non-retained experts are expected to testify as to their treatment of Plaintiff. Additionally, Defendants agree to withdraw the designation of medical practitioners who treated Plaintiff at Enloe Medical Center or at Oroville Hospital.

ECF No. 87, pg. 8.

Defendants, thus, withdraw items three and four from Defendants' disclosure list provided above. Additionally, at the hearing Defendants withdrew all other unnamed people from their supplemental designation.

///

///

3

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff also requests that "the Court impose monetary sanctions against Defendants in the amount of $5,760.00 for their blatant violations of the rules." ECF No. 85, pg. 3. In support, Plaintiff states that he has explained the defects to Defendants in writing and in a telephonic conference, but Defendants refused to withdraw its improper designation. See ECF No. 87, pg. 19. Plaintiff seeks to have Defendants pay for attorney's fees for the 8.6 hours of work already spent on this motion and an additional hour for the anticipated preparation and hearing on the motion for a total of 9.6 hours. See id. 9.6 multiplied by Plaintiff's counsel's billing rate of $600/hour is $5,760.00. See id.

Defendants argue the following concerning their disclosures: (1) Defendants properly designated Plaintiff's treating physicians within their supplemental expert disclosure; (2) Defendants are not required to provide expert reports for non-retained experts; (3) Defendants' alleged improper disclosure does not warrant exclusion of witnesses; and (4) sanctions are not warranted. See id. at 17-21.

### III. DISCUSSION

Here, Defendants have failed to comply with the Federal Rules of Civil Procedure. Defendants improperly attempted to designate experts in a supplemental disclosure. That purported supplement was offered without benefit of an accompanying designation of the subject matter on which the witnesses expected to present evidence and without providing a summary of the facts and opinions as to what the witnesses were expected to testify.

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A). "[T]his disclosure must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony . . . ." Fed. R. Civ. P. 26(a)(2)(B). "[I]f the witness is not required to provide a written report, this disclosure must state" both "the subject matter on which the witness is expected to present" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii). Further, "[a] party must make these disclosures at the times and in the sequence that the court orders."

Fed. R. Civ. P. 26(a)(2)(D).

The Court ordered that October 1, 2021, was the deadline to designate in writing and file with the Court the name, address, and area of expertise of each expert they propose to tender at trial. See ECF No. 68, pg. 2. Designations of experts after October 1, 2021, would be for the limited purposes of either supplementing a party's initial expert designation or rebutting the opposing party's initially designated experts. Defendants argue that their supplemental designation is a supplemental designation and not a rebuttal expert designation.

### A.     **Supplemental Designation**

"For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2). "[D]isclosure of supplemental experts 'is an ongoing obligation of the parties to correct earlier opinions disclosed by an expert.'" Nat'l R.R. Passenger Corp. v. Young's Commercial Transfer, Inc., 2016 WL 1573262, at *3 (E.D. Cal. Apr. 19, 2016) (quoting United States v. S. Cal. Edison, Co., 2005 WL 7862243, at *3 (E.D. Cal. Sept. 23, 2005)). The designation of supplemental experts "does not refer to the disclosure of a new expert after the court-ordered deadline for simultaneous disclosure." Nat'l R.R. Passenger Corp., 2016 WL 1573262, at *3 (quoting S. Cal. Edison, Co., 2005 WL 7862243, at *3 (citations omitted)). "Supplemental disclosures are not intended to provide an extension of the court's expert designation and report production deadlines." Nat'l R.R. Passenger Corp., 2016 WL 1573262, at *3. Thus, a party may not "properly designate entirely new experts under the guise of supplemental disclosure." Id. at *5 (citing S. Cal. Edison, Co., 2005 WL 7862243, at *3 (citations omitted)).

Defendants served Plaintiff their "Supplemental Expert Witness Disclosure and/or Designation" on November 8, 2021. See ECF No. 87-1, pgs. 6-8. None of the medical providers identified in Defendants' supplemental designation were initially designated as experts—on the subject of damages or otherwise. See id. at 7. Defendants did not initially designate an expert on medical issues or injuries at all. See ECF No. 83. The only expert initially designated by Defendant was a mechanical engineer. See id. Therefore, the medical experts at issue cannot be

deemed to be supplemental to the previously designated expert opinion because there is no medical expert or medical expert opinion for them to supplement or support.

Defendants argue that "there is nothing in the Federal Rules that states a party cannot supplement an expert disclosure to include a Plaintiff's treating physicians in order to correct or supplement a disclosure." ECF No. 87, pg. 19.  However, this argument fails because it is inconsistent with the rule that a party may not "properly designate entirely new experts under the guise of supplemental disclosure." Id. at 5 (citing S. Cal. Edison, Co., 2005 WL 7862243, at *3 (citations omitted)).

And even assuming Defendants could designate new experts as supplemental experts, Defendants still fail to comply with the Federal Rules.  Defendants are correct that the experts they designated do not have to file a report.  However, Federal Rule of Civil Procedure 26(a)(2)(C) states, "if the witness is not required to provide a written report, this disclosure must state" both "the subject matter on which the witness is expected to present" and "a summary of the facts and opinions to which the witness is expected to testify."  Defendants failed to do either.  Therefore, Defendants "supplemental expert designation" is an improper supplemental expert designation.

**B.      Sanctions**

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  "A district court has ultimate discretion in imposing discovery sanctions" under Rule 37. Nat'l R.R. Passenger Corp., 2016 WL 1573262, at *2 (citations omitted).  "If a party fails to timely disclose its expert witnesses in a manner prescribed by the court, the court has the authority to strike expert disclosure and reports." Id.  "[T]he burden is on the party facing the sanction to demonstrate that the failure to comply with Rule 26(a) was substantially justified or harmless." Id. (citations omitted).

/ / /

/ / /

Defendants do not argue that their error was justified. Defendants argue that if the Court finds the supplemental designation improper, the Court should not strike the expert witnesses because their error is harmless for the following reasons: (1) the supplemental designations would not prejudice or surprise Plaintiff; (2) Defendants can cure any potential prejudice by including a summary of the expert witnesses' opinions; and (3) their actions were not done in bad faith. See ECF No. 87, pg. 21-23.

Defendants' arguments are unconvincing. Plaintiff could be prejudiced because Plaintiff is not sure as to the subject or as to the facts or opinions that Defendants' witnesses will testify. Further, not striking Defendants' witnesses would extend other deadlines farther down the litigation track in a manner burdensome to both the Plaintiff and the Court. In addition, Plaintiff gave Defendants multiple opportunities to cure by notifying Defendants of their defects in writing and during a telephonic conference, and Defendants failed to cure. See ECF No. 87, pg. 19. Defendants argue that their actions were not done in bad faith. However, Defendants conduct does not amount to good faith. The most generous characterization of Defendants' conduct is lazy. Therefore, Defendants supplemental expert designations shall be stricken.

The Court will rule on monetary sanctions separately.

### IV. CONCLUSION

Accordingly, IT IS HERREBY ORDERED that:

1. Plaintiff's motions to strike, ECF No. 85, is granted.

2. The following Defendants' expert witnesses are stricken:

    a. Dr. Christopher Jobe, M.D., 2809 Olive Highway, Ste. 230, Oroville, CA 95966;

    b. Dr. Felicia Kaur Jodhka, Dr. Vu Trong Pham, Dr. Kurt Douglas Rosen, Dr. Jonathan Chih-Jung Wang, Dr. Barry F. Granum, Dr. Andrew Martin Marz, D.O., and any other doctors, nurses, physicians's [sic] assistants or other medical practitioners who treated Plaintiff at any Kaiser Permanent Hospital or Medical Group facility including but not limited to those in Sacramento, Roseville, Eureka, etc.;

    c. Any and all medical practitioners who treated Plaintiff at Enloe Medical Center; and

          d.    Any and all medical practitioners who treated Plaintiff at Oroville Hospital.

        3.    This Court's Order striking the above listed experts is without prejudice to either party calling such witnesses in a non-expert capacity and without seeking expert opinion testimony.

        4.    Defendants may file a response to Plaintiff's request for sanctions and declaration of Plaintiff's counsel in support thereof, ECF No. 87-1, within 14 days of the date of this order, after which time the Court will rule on Plaintiff's request for sanctions.

Dated: December 9, 2021

                                                   DENNIS M. COTA
                                                   UNITED STATES MAGISTRATE JUDGE