IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COGBURN,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNBEAM PRODUCTS, INC., et al.,<br><br>    Defendants. | No. 2:18-CV-1223-TLN-DMC<br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brings this products liability action under the Court's diversity jurisdiction. Pending before the Court are Plaintiff's request for sanctions, ECF No. 87, pgs. 18-19, and Defendants' opposition to Plaintiff's request for sanctions, ECF No. 92. On December 9, 2021, the Court granted Plaintiff's motion to strike Defendants' supplemental expert witness designation pursuant to Federal Rule of Civil Procedure 26. ECF No. 86. The Court is authorized to "order payment of the reasonable expenses, including attorney's fees, caused by the failure of a party to comply with the expert disclosure requirements of Rule 26." Fed. R. Civ. P. 37(c)(1)(A).

/ / /

/ / /

/ / /

/ / /

1

## I. REQUEST AND OPPOSITION

### A. Request for Sanctions

In Plaintiff's counsel's request for sanctions, Plaintiff's counsel seeks reasonable expenses representing attorney's fees in the amount of $5,760.00 associated with Plaintiff's motion to strike Defendants' supplemental expert witness designation. ECF No. 87-1, pg. 4. Plaintiff's counsel calculates this amount from her current hourly rate of $600/hour for 9.6 hours of researching, drafting, and attending the hearing concerning the motion to strike. Id. Counsel also states the following:

> I am an attorney with twenty-two (22) years of litigation experience. I graduated *cum laude* from Loyola Law School in 1999, where I was *Order of the Coif* and served as an editor of Loyola Law Review. Before establishing my own practice in 2014, I was a partner in a civil litigation defense boutique firm for 14 years, specializing in personal injury and product liability matters. My current hourly rate is $600.00 per hour. As a practitioner in the Southern California area for my entire career, I am generally familiar with the rates charged by litigators with comparable experience and skill. Based on my familiarity with the legal profession, I can attest that my hourly rate is reasonable.

Id. at 3-4.

### B. Opposition

Defendants argue the following: (1) there was no prejudice to Plaintiff; (2) Defendant offered to cure the defects alleged, but Plaintiff refused; (3) there has been no disruption of the trial or the Court's docket; (4) the testimony of treating physicians is important to a trial on the merits; and (5) Defendants acted in good faith and believed that they had substantially complied with the requirements of the Court and the statute. Defendants appear to argue that monetary sanctions should not be issued at all. Defendants do not argue whether Plaintiff's counsel's hourly rate is reasonable.

/ / /

/ / /

/ / /

/ / /

/ / /

## II.  DISCUSSION

The Court finds that monetary sanctions are warranted.  The Court also finds that for purposes of this sanction award, a reasonable rate for the services at issue is $450/hour.  Therefore, Plaintiff shall be awarded $4,320.

### A.  Monetary Sanctions

On December 9, 2021, the Court granted Plaintiff's motion to strike Defendants' supplemental expert designations.  ECF No. 91.  The Court found the following:

> Plaintiff could be prejudiced because Plaintiff is not sure as to the subject or as to the facts or opinions that Defendants' witnesses will testify.  Further, not striking Defendants' witnesses would extend other deadlines farther down the litigation track in a manner burdensome to both the Plaintiff and the Court.  In addition, Plaintiff gave Defendants multiple opportunities to cure by notifying Defendants of their defects in writing and during a telephonic conference, and Defendants failed to cure.  Defendants argue that their actions were done in bad faith.  However, Defendants conduct does not amount to good faith.  The most generous characterization of Defendants' conduct is lazy.  Therefore, Defendants supplemental expert designations shall be stricken.

Id. at 7 (citations omitted).

Here, Defendants' arguments as to monetary sanctions have largely already been addressed in the previous order.  The Court found that Plaintiff would be prejudiced, Plaintiff gave Defendants an opportunity to cure, the Court's docket would be disrupted, and Defendants did not act in good faith.  Defendants' argument that testimony of treating physicians is important to a trial on the merits is irrelevant in determining whether monetary sanctions are appropriate.  Thus, Defendants' arguments are all unavailing as to monetary sanctions.

### B.  Reasonable Hourly Rate

Defendants did not address the reasonableness of Plaintiff's counsel's hourly rate.  The Court takes this issue up *sua sponte*.

"An award of attorney's fees is calculated using the 'lodestar method,' whereby the number of hours reasonably expended on litigation is multiplied by a reasonable hourly rate."  Price Simms Holdings, LLC v. Candle3, LLC, 2021 WL 1884995, at *1 (E.D. Cal. May 11, 2021) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  Courts look to the forum district

in determining the reasonable hourly rate.  See Tenorio v. Gallardo, 2019 WL 3842892, at *2 (E.D. Cal. Aug. 15, 2019).

        Plaintiff's counsel's hourly rate of $600/hour may be reasonable for the area in which she practices.  However, such a rate is high for the Eastern District of California.  In three cases in the last three years the Eastern District has found a reasonable rate to be between $425/hour and $450/hour.  See Colfaxnet, LLC v. City of Colfax, 2020 WL 7024161, at *1 (E.D. Cal. Nov. 30, 2020) (approving a rate of $425/hour); see also Firstsource Sols. USA, LLC v. Tulare Reg'l Med. Ctr., 2019 WL 2725336, at *8 (E.D. Cal. June 28, 2019) (approving a rate of $450/hour for partners with at least 20 years of experience); and see Price Simms Holdings, LLC, 2021 WL 1884995, at *1 (approving a rate of $450/hour for partners).

        Here, Plaintiff's counsel was a partner for fourteen years before she established her own practice in 2014.  She has over 20 years of experience as an attorney.  The Court finds that a reasonable rate for Plaintiff's counsel is $450/hour.  This rate multiplied by 9.6, Plaintiff's counsel's hours spent on the motion, equals $4,320.

### III.  CONCLUSION

        Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), IT IS HEREBY ORDERED that Defendants shall pay an award of reasonable expenses in the amount of $4,320.00 to Plaintiff within 14 days of the date of this order.

Dated:  January 11, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4