1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

NOEL COGBURN,                                    No.  2:18-cv-01223-DAD-DMC

12
                          Plaintiff,

13
             v.                                        TENTATIVE PRETRIAL ORDER

14
SUNBEAM PRODUCTS, INC.,

15
                          Defendant.

16

17          On April 4, 2023, the court conducted a final pretrial conference in this case.  Attorney

18   Aghavni Kasparian appeared as counsel for plaintiff; attorneys David J. O'Connell and Lisa

19   Gruen appeared as counsel for defendant Sunbeam Products, Inc.[1]  Having considered the parties'

20   joint pretrial statement and the views of the parties as expressed at the conference, the court issues

21   this tentative pretrial order.

22          Plaintiff Noel Cogburn brings this products liability action against defendants Sunbeam

23   Products, Inc., with claims arising under state law.

24   I.     JURISDICTION/VENUE

25          Jurisdiction is predicated on 28 U.S.C. § 1332.  Jurisdiction is not contested.

26

27   _____
     [1]  On March 31, 2023, the parties filed a stipulation to dismiss defendant Walmart Inc. from this
     action.  (Doc. No. 103.)  The court adopted the parties' stipulation on April 3, 2023.  (Doc. No.
28   104.)

1    Venue is proper pursuant to 28 U.S.C. § 1391(b).  Venue is not contested.

2  II.    JURY

3    Both parties have demanded a jury trial.  The jury will consist of eight jurors.

4  III.    UNDISPUTED FACTS

5    1.    Noel Cogburn purchased an Oster Accurate Blend 14 blender designed,

6    manufactured, and distributed by Sunbeam Products, Inc.

7    2.    The blender was assembled by Sunbeam Products, Inc. on March 11, 2016.

8    3.    Noel Cogburn was injured while using the Oster Accurate Blend 14 blender on

9    April 13, 2017.

10    4.    Noel Cogburn used the Accurate Blend 14 blender on two occasions prior to the

11    date of accident and denied having any problems with its use prior to the date of

12    the incident.

13    5.    Noel Cogburn had used other blenders in the past.

14  IV.    DISPUTED FACTUAL ISSUES

15    1.    Whether the Oster Accurate Blend 14 blender was defective in design under either

16    the consumer expectations test and/or risk-benefit test.

17    2.    Whether a defect in the Oster Accurate Blend 14 blender was a substantial factor

18    in causing Noel Cogburn's injury.

19    3.    Whether Sunbeam was negligent in its design, distribution, or sale of the Oster

20    Accurate Blend 14 blender.

21    4.    Whether Sunbeam's negligence was a substantial factor in causing Noel

22    Cogburn's injury.

23    5.    Whether Noel Cogburn's negligence was a cause of his injury.

24    6.    Whether Noel Cogburn's failure to seek timely medical care contributed to his

25    alleged injury and damages.

26    7.    Whether Noel Cogburn is entitled to non-economic damages and, if so, how much.

27    8.    Whether a manufacturer, like Sunbeam, is required to take into account reasonable

28    misuses of the blender.

2

9. Whether Plaintiff was using the blender in a reasonably foreseeable manner at the time of the accident. Plaintiff disputes that this is the law.

10. Whether it is reasonably foreseeable for a consumer to misalign the tabs of the blender.

11. Whether Sunbeam had taken reasonable precautions to minimize any harm that may result from misuse. Plaintiff disputes that this is the law.

12. Whether the benefits of the design of the product outweigh the risks associated with the product.

13. Whether the Sunbeam Oster blender can be used to make hummus.

14. Whether the blades of the blender spin in a direction that can unscrew the blender (that is, counterclockwise when looking down into the blender).

15. Whether an ordinary consumer would not expect the pitcher of the blender to dislocate or dislodge from the base during operation.

16. Whether the blender should move when a consumer turns the blender on with the assembly on its base.

17. Whether the testing performed by Plaintiff's expert accurately replicates the incident.

V.   DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The parties anticipate filing the motions *in limine* listed below. Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

Plaintiff's Motions *in Limine*

1. Motion to exclude other incidents.

3

2.    Motion to exclude requested evidence not disclosed in discovery, including testing data and testimony regarding testing and approvals of the blender not produced in discovery.

3.    Motion to preclude Mr. Miller, Sunbeam's liability expert, from opining and testifying that (a) the blender met the consumer expectations standard, (b) there is no design defect based on the number of blenders sold, and (c) about the number of blenders sold and the time period of the sales.

4.    Motion to exclude any reference to compliance with the UL standards or custom and practice in industry.

5.    Motion to exclude a regurgitation of medical records by medical doctors and medical records into evidence without proper foundation.

6.    Motion to exclude evidence of past medical bills, given Plaintiff is not making a claim for such damages.

7.    Motion to exclude the discussion of specific sums during voir dire.

8.    Motion to exclude liability evidence other than that testified to by Sunbeam's person most qualified during his deposition.

Defendant's Motions *in Limine*

1.    Motion to exclude an anatomical drawing or demonstrative evidence to describe Plaintiff's injury rather than viewing of Plaintiff's hand.

2.    Motion to exclude references by plaintiff to an obligation to and failure to notify the CPSC about the product.

3.    Motion to exclude (1) irrelevant information and documents; (2) hearsay; (3) wealth or profits of Sunbeam, its witnesses or attorneys; (4) evidence of good character or good name of plaintiff; (5) evidence of settlement negotiations; (6) insurance; (7) large verdicts in other cases; (8) discovery replies containing inadmissible data or documents; (9) golden rule arguments; and (10) May 2018 motorcycle accident injuries related to the blender incident.

/////

4

VI.    SPECIAL FACTUAL INFORMATION

      Pursuant to Local Rule 281(b)(6), the parties provided special factual information that pertains to this action.[2]

VII.    RELIEF SOUGHT

      1.    Plaintiff seeks recovery of general damages.

VIII.    POINTS OF LAW[3]

      The claims and defenses asserted in this action arise under state law.  All of plaintiff's claims are brought against the defendant Sunbeam Products, Inc.

      1.    The elements of, standards for, and burden of proof in a negligence claim.

      2.    The elements of, standards for, and burden of proof in a strict liability claim.

      3.    The elements of, standards for, and burden of proof in a breach of implied warranty claim.

      4.    The elements of, standards for, and burden of proof in a comparative fault affirmative defense.

      5.    The elements of, standards for, and burden of proof in a lack of causation affirmative defense.

      6.    The elements of, standards for, and burden of proof in a California Civil Code § 1431.2 affirmative defense.

      7.    The elements of, standards for, and burden of proof in a contribution affirmative defense.

      8.    The elements of, standards for, and burden of proof in a misuse, abuse, and improper maintenance affirmative defense.

---

[2]  As discussed at the final pretrial conference, in their objections to this tentative pretrial order, the parties are directed to revise their lists of disputed and undisputed facts to include the appropriate special factual information that the parties provided in their joint pretrial statement, consistent with Local Rule 281(b)(6).

[3]  In its objections to this tentative pretrial order, defendant is directed to specify whether the affirmative defenses listed in this section are properly identified as points of law remaining for trial.

9.     The elements of, standards for, and burden of proof in a failure to mitigate damages affirmative defense.

10.    The elements of, standards for, and burden of proof in a consent by plaintiff affirmative defense.

11.    The elements of, standards for, and burden of proof in an assumption of the risk affirmative defense.

12.    The elements of, standards for, and burden of proof in a state-of-the-art affirmative defense.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.

IX.    <u>ABANDONED ISSUES</u>

1.     Plaintiff's prayer for relief requesting prejudgment interest.

2.     Plaintiff's prayer for relief requesting an award of attorneys' fees.

3.     Plaintiff's claims to the extent they are predicated on an alleged manufacturing defect with the subject blender.

4.     Defendant's affirmative defense of statute of limitations.

5.     Defendant's affirmative defense of release and waiver.

6.     Defendant's affirmative defense of superseding cause.

7.     Defendant's affirmative defense of negligence of others.

8.     Defendant's affirmative defense of modification or alterations.

9.     Defendant's affirmative defense of failure to state a cause of action.

10.    Defendant's affirmative defense of compensation.

11.    Defendant's affirmative defense of apportionment of fault.

12.    Defendant's affirmative defense of spoliation.

13.    Defendant's affirmative defense of sophisticated user.

X.      <u>WITNESSES</u>

Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendant's witnesses shall be those listed in **Attachment B**.  Each party may call any witnesses designated by the other.

      A.     **The court does not allow undisclosed witnesses to be called for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

            (1)     The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

            (2)     The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

      B.     Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

            (1)     The witness could not reasonably have been discovered prior to the discovery cutoff;

            (2)     The court and opposing parties were promptly notified upon discovery of the witness;

            (3)     If time permitted, the party proffered the witness for deposition; and

            (4)     If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

XI.     <u>EXHIBITS, SCHEDULES, AND SUMMARIES</u>

Joint exhibits are listed in **Attachment C**.  Plaintiff's exhibits are listed in **Attachment D**.  Defendant's exhibits are listed in **Attachment E**.  No exhibit shall be marked with or entered into

/////

/////

/////

7

1    evidence under multiple exhibit numbers.[4]  All exhibits must be pre-marked as discussed below.

2    At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.  Plaintiff's

3    exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

4           The parties must prepare three (3) separate exhibit binders for use by the court at trial,

5    with a side tab identifying each exhibit in accordance with the specifications above.  Each binder

6    shall have an identification label on the front and spine.  The parties must exchange exhibits no

7    later than **28 days before trial**.  Any objections to exhibits are due no later than **14 days before**

8    **trial**.  The final exhibits are due **the Thursday before the trial date.**  In making any objection,

9    the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to,

10   no further foundation will be required for it to be received into evidence, if offered.

11          **The court does not allow the use of undisclosed exhibits for any purpose, <u>including</u>**

12   **<u>impeachment or rebuttal</u>, unless they meet the following criteria**

13          A.    The court will not admit exhibits other than those identified on the exhibit lists

14                referenced above unless:

15                (1)   The party proffering the exhibit demonstrates that the exhibit is for the

16                      purpose of rebutting evidence that could not have been reasonably

17                      anticipated, or

18                (2)   The exhibit was discovered after the issuance of this order and the

19                      proffering party makes the showing required in paragraph B, below.

20          B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly

21                inform the court and opposing parties of the existence of such exhibits by filing a

22   /////

23   _____

24   [4]  As discussed at the final pretrial conference, the parties shall review their exhibit lists to
     identify any duplicative exhibits.  If any such duplicative exhibits are identified, the parties shall
25   submit amended exhibit lists that do not contain duplicative exhibits in their objections to this
     tentative pretrial order.  In addition, the parties shall, where feasible, identify some of their listed
26   exhibits (such as "Sonja Toth Claim," "2 Exemplar Oster Blenders," and "Subpoenaed Medical
     Records") with greater specificity (by date, Bates stamp number, author, number of pages or other
27   appropriate description) in their objections to this tentative pretrial order in order for the final
     pretrial order to eliminate any unnecessary disputes over the exhibits that each party intends to
28   offer at trial.

notice on the docket so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

    (1)    The exhibits could not reasonably have been discovered earlier;

    (2)    The court and the opposing parties were promptly informed of their existence;

    (3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

## XII.   DISCOVERY DOCUMENTS

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff has indicated the intent to use the following discovery documents at trial:

1.    Amended Responses of Sunbeam to Plaintiff's Interrogatories, Set One, dated 09/20/2020, numbers 5, 11, 12, and 16.

2.    Sunbeam's Supplemental Responses to Plaintiff's Interrogatories, Set One, dated 04/30/2021, numbers 3, 12, and 13.

## XIII.   FURTHER DISCOVERY OR MOTIONS

None.  Discovery and law and motion are closed under the scheduling order issued in this case.

## XIV.   STIPULATIONS

None.

## XV.   AMENDMENTS/DISMISSALS

None.

## XVI.   SETTLEMENT

The parties attended a settlement conference with the court before Magistrate Judge Carolyn K. Delaney on July 20, 2021.  The parties believe they have exhausted attempts to settle

/////

1    this case.  No further court supervised settlement conference will be scheduled unless both parties

2    indicate that a further settlement conference may be productive.

3    XVII.   JOINT STATEMENT OF THE CASE

4           The parties have not provided an agreed-upon neutral statement of the case as required by

5    the Standing Order (Doc. No. 96.)  The parties shall meet and confer and file a joint neutral

6    statement of the case to be read to the perspective jurors within **fourteen (14) days** from the date

7    of entry of this order.

8    XVIII.  SEPARATE TRIAL OF ISSUES

9           In the parties' joint pretrial statement, defendant requested the bifurcation of trial, which

10   plaintiff opposed.  At the final pretrial conference, defendant effectively withdrew its request and

11   agreed that bifurcation would not be necessary in this case.

12   XIX.    IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

13          None.

14   XX.     ATTORNEYS' FEES

15          None.

16   XXI.    TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

17          None.

18   XXII.   MISCELLANEOUS

19          None.

20   XXIII.  ESTIMATED TIME OF TRIAL/TRIAL DATE

21          Jury trial is scheduled for June 5, 2023, at 9:00 a.m. in Courtroom 4 before the Honorable

22   Dale A. Drozd.  Trial is anticipated to last three court days.  The parties are directed to Judge

23   Drozd's Standing Order in Civil Actions, available on his webpage on the court's website.

24          Counsel are directed to call Pete Buzo, courtroom deputy, at (916) 930-4016, one week

25   prior to trial to ascertain the status of the trial date.

26   XXIV.  PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

27          The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be

28   limited to fifteen minutes of supplemental jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV.   <u>TRIAL BRIEFS</u>

As noted above, trial briefs are due **7 days before trial**.

XXVI. <u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections.  If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated:   **April 4, 2023**

UNITED STATES DISTRICT JUDGE

11

1

**ATTACHMENT A**

2

Plaintiff's Witness List

3        1.      Plaintiff Noel Cogburn

4        2.      Dr. Kenneth Sabbag, Congress Orthopaedic Associates, 800 S. Raymond Ave,

5                Pasadena, CA 91105 (expert)

6        3.      Dr. Lisa Fitzpatrick, XcelABLE (Ergo Links Inc.), 5580 La Jolla Blvd., La Jolla, CA

7                92037 (expert)

8        4.      Dr. Dave Rondinone, Berkeley Engineering and Research, Inc., 808 Gilman Street,

9                Berkeley, CA 94710 (expert)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT B**

Defendants' Witness List

1.      Hratch Nerkizian – Sunbeam

2.      Robert Millers (expert) – Product Forensics Incorporated, 2338 W. Ohio St., Chicago,
IL 60612

**ATTACHMENT C**

Joint Exhibit List

JX-1.  Subject Blender

JX-2.  Exhibit 5 to Deposition of Sunbeam (Hratch Nerkizian), Oster Push Button Blenders
Manual COGBURN 00060-00077

JX-3.  Oroville Hospital Progress Note dated 05/11/2017, COGBURN 00078-00079

JX-4.  Jar Assembly Drawing, SPI000343

JX-5.  Product Specification, SPI000345-000357

JX-6.  Exhibit 2 to Deposition of Sunbeam (Hratch Nerkizian), Product Specification,
SPI001873-001897

JX-7.  All videos (including testing videos) of subject blender taken by Berkeley Engineering
and Research Inc.

**ATTACHMENT D**

Plaintiff's Exhibit List

1. Photos of Incident and Injuries, COGBURN 0001-0006, 0009-00010, 00081-00086, 00089-00090,  00091-00096

2. Photos of Subject Blender, COGBURN 0007-0008, 00011-00059, 00087-00088

3. Purchase record for subject blender, COGBURN 00097-00098

4. Responses of Sunbeam to Plaintiff's Interrogatories, Set One, date 05/30/2019

5. Amended Responses of Sunbeam to Plaintiff's Interrogatories, Set One, dated 09/20/2020

6. Sunbeam's Supplemental Responses to Plaintiff's Interrogatories, Set One, dated 04/30/2021

7. Oster Push Button Blenders Manual, SPI000147-000170

8. Oster Push Button Blenders Manual, SPI000171-000180

9. Oster Push Button Blenders Manual, SPI000181-000190

10. Oster Push Button Blenders Manual, SPI000191-000200

11. Exhibit 9 to Deposition of Sunbeam (Hratch Nerkizian), Shelly Struckhoff claim, SPI000900-000901

12. Exhibit 12 to Deposition of Sunbeam (Hratch Nerkizian), Heather McCammack claim, SPI000902-000903

13. Corporate Records Policy Executive Summary, SPI001141-001161

14. Box Art, SPI001693-001758

15. Push Button Blenders Manual, SPI001807-001830

16. Oster Reversing Motor Blender Manual, SPI001831-SPI001846

17. Exhibit 7n to Deposition of Sunbeam (Hratch Nerkizian), Oster Classic Series Push Button Blender Manual and Safeguard Booklet, SPI001847-001872

18. Drawings, SPI002072-002185

19. Exhibit 3 to Deposition of Sunbeam (Hratch Nerkizian), Failure Mode & Effects Analysis (DFMEA), SPI002485-002495

/////

20.   Exhibit 11 to Deposition of Sunbeam (Hratch Nerkizian), Emilia Cotto Marte Claim, SPI002738

21.   Exhibit 10 to Deposition of Sunbeam (Hratch Nerkizian), Michael Davis Claim, SPI002739-002749

22.   Exhibit 16 to Deposition of Sunbeam (Hratch Nerkizian), Jessie Beasley Complaint, SPI002750-002753

23.   Exhibit 13 to Deposition Sunbeam (Hratch Nerkizian), Rodrigo Santome Lawsuit, SPI002754-002790

24.   Exhibit 15 to Deposition Sunbeam (Hratch Nerkizian), Personal Injury Allegations Spreadsheet, SPI002791-002793

25.   Exhibit 14 to Deposition of Sunbeam (Hratch Nerkizian), CAPA Records Spreadsheet, SPI002794-002799

26.   Exhibit 18 to Deposition of Sunbeam (Hratch Nerkizian), CAPA 12-146, SPI002940-SPI002941

27.   CAPA 12-154, SPI002942-002943

28.   Exhibit 19 to Deposition of Sunbeam (Hratch Nerkizian), CAPA 12-156, SPI002944-002945

29.   Exhibit 20 to Deposition of Sunbeam (Hratch Nerkizian), CAPA 12-424, SPI002946-002951

30.   Exhibit 21 to Deposition of Sunbeam (Hratch Nerkizian), CAPA 12-430, SPI002952-002961

31.   Exhibit 22 to Deposition of Sunbeam (Hratch Nerkizian), CAPA 13-121, SPI002962-002971

32.   Exhibit 23 to Deposition of Sunbeam (Hratch Nerkizian), CAPA 14-028, SPI002972-002993

33.   Exhibit 24 to Deposition of Sunbeam (Hratch Nerkizian), CAPA 16-453, SPI 002994-002995

/////

34.   Exhibit 25 to Deposition of Sunbeam (Hratch Nerkizian), CAPA 17-085, SPI002996-002997

35.   Exhibit 26 to Deposition of Sunbeam (Hratch Nerkizian), CAPA 19-006, SPI002998-003248

36.   Exhibit 1 to Deposition of Sunbeam (Hratch Nerkizian), Notice of Taking Video-Recorded Deposition of Sunbeam

37.   Hand Model – Demonstrative of Dr. Sabbag

38.   2 Exemplar Oster Blenders

39.   Sonja Toth Claim

40.   Dr. Kenneth R. Sabbag, M.D. Report dated 09/15/2021

41.   Dr. Kenneth R. Sabbag, M.D. Report dated 09/22/2021

42.   Dr. Lisa Fitzpatrick Report dated 09/22/2021

43.   Berkeley Engineering and Research Inc. Report dated 02/27/2018

44.   Berkeley Engineering and Research Inc. Report dated 10/01/2021

45.   Exhibit 1 to Deposition of Robert Miller, Invoice dated 10/11/2021

46.   Exhibit 3 to Deposition of Robert Miller, Invoice dated 11/01/2021

47.   Exhibit 4 to Deposition of Robert Miller, Email dated 09/15/2021

48.   Exhibit 5 to Deposition of Robert Miller, Email dated 09/22/2021

49.   Exhibit 6 to Deposition of Robert Miller, Email dated 09/28/2021

50.   All photographs of subject blender taken by Berkeley Engineering and Research Inc.

51.   All photographs of exemplar blender taken by Berkeley Engineering and Research Inc.

52.   All videos (including testing videos) of exemplar blender taken by Berkeley Engineering and Research Inc.

53.   X-ray report and imaging from Immediate Care Medical Center dated 04/24/2017

54.   Radiographs from Dr. Kenneth Sabbag dated 09/22/2021

55.   Gajdosik, R.L., Bohannon, R.W., Clinical measurement of range of motion.

56.   Review of goniometry emphasizing reliability and validity (Dec. 1987)

/////

17

57.  Janda DH, et al., Journal of Occupational Medicine:  Official Publication of the Industrial Medical Association (Jul. 01, 1987)

58.  Hildreth, D.H., et al., Detection of submaximal effort by use of the rapid exchange grip

59.  Mathoiowetz, Virgil & Kashman, et al., Grip and Pinch Strength: Normative data for adults.  Archives of physical medicine and rehabilitation

60.  Kamimura, Tomoko & Ikuta, Y. Evaluation of grip strength with a sustained maximal isometric contractor for 6 and 10 seconds.  Journal of Rehabilitation Medicine (2001)

61.  Hand images from Atlas of Human Anatomy, by Frank Netter

**ATTACHMENT E**

Defendants' Exhibit List

A.   UL982 (SPI 1-146)

B.   UL Listing Report (SPI 201-341)

C.   Product Qualification Summary (SPI 1898-1904)

D.   Wal-Mart Sales Data (SPI 358)

E.   Sunbeam Sales Data (SPI 2801-2870)

F.   Sunbeam Sales Data (SPI2871-2893)

G.   Subpoenaed Medical Records

    1.   Immediate Care Medical Center

    2.   McKesson/Change Health Care; Oro-Health Professional Group

    3.   Orthopaedic Associates Northern California

    4.   Permanent Medical Group

    5.   Enloe Medical Center

H.   Miller Inspection Photographs of Subject Blender

I.   Exemplar Oster Accurate Blend 14, Service No. 6694 blender

J.   Ex. A to deposition of David Rondinone- Evidence receipt dated 12-13-17