UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL COGBURN,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>SUNBEAM PRODUCTS, INC.,<br><br>　　　　　　Defendant. | No. 2:18-cv-01223-DAD-DMC<br><br>TENTATIVE RULINGS ON MOTIONS *IN LIMINE*<br><br>(Doc. Nos. 111, 112, 113, 114, 116) |

This matter is before the court on the motions *in limine* filed on behalf of plaintiff Noel Cogburn (Doc. Nos. 111, 112, 113, 114) and defendant Sunbeam Products, Inc. (Doc. No. 116.) The court now issues the following tentative rulings addressing the parties' motions *in limine*. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (noting that "a ruling on a motion *in limine* . . . falls entirely within the discretion of the district court").

In many respects, it remains unclear from the parties' motions *in limine* and responses thereto both: (1) what specifically the parties intend to offer into evidence at trial, and (2) what specifically the parties seek to exclude through their motions *in limine*. Recognizing this lack of clarity, the court issues this tentative order on the motions *in limine* ("MIL") and will briefly hear any further argument in response to these tentative rulings on Monday, June 5, 2023 at 9:30 a.m. in Courtroom 4, 15th floor.

# TENTATIVE RULINGS ON MOTIONS *IN LIMINE*

**Plaintiff's MIL No. 1 (Doc. No. 111)**

Plaintiff's motion *in limine* number one (Doc. No. 111) is GRANTED in part and DENIED in part.

Defendant may not introduce evidence or solicit testimony regarding the amount of medical bills incurred by plaintiff, or the fact that plaintiff is not seeking medical expenses or lost wages at trial. *See Corenbaum v. Lampkin*, 215 Cal. App. 4th 1308, 1333 (2013) ("We conclude that evidence of the full amount billed is not admissible for the purpose of providing plaintiff's counsel an argumentative construct to assist a jury in its difficult task of determining the amount of noneconomic damages and is inadmissible for the purpose of proving noneconomic damages."). Therefore, plaintiff's motion *in limine* number one (Doc. No. 111) is granted to the extent it seeks to exclude such evidence or testimony.

However, in order to assist the jury in assessing the severity of plaintiff's injury, defendant is not precluded from introducing evidence or soliciting testimony regarding plaintiff's medical visits, appointments, and treatments in connection with plaintiff's alleged injury. Therefore, plaintiff's motion *in limine* number one (Doc. No. 111) is denied to the extent it seeks to exclude such evidence or testimony.

**Plaintiff's MIL No. 2 (Doc. No. 112)**

Plaintiff's motion *in limine* number two (Doc. No. 112) is GRANTED in part and DENIED in part.

Defendant may not introduce evidence or solicit testimony regarding Mr. Miller's opinion that the subject blender operated as an ordinary consumer would or should expect. *See McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 1111, 1120 (2002). Plaintiff's motion *in limine* number two (Doc. No. 112) is granted to the extent it seeks to exclude such evidence or testimony.

However, plaintiff's motion *in limine* number two (Doc. No. 112) is denied to the extent plaintiff seeks to preclude defendant from introducing evidence or testimony regarding Mr. Miller's opinion that the volume of blender sales and known customer claims suggests there is not

a design defect present in the subject blender.  As defendant points out, Mr. Miller's expert report lists defendant's sales data and product incident reports among the documents reviewed to form his opinions, and such sales and injury volume information could be "relevant to support Mr. Miller's opinion that had Plaintiff followed the instructions, this incident could not have occurred as alleged by Plaintiff."  (Doc. No. 125 at 6–7.)

**Plaintiff's MIL No. 3 (Doc. No. 113)**

Plaintiff's motion *in limine* number three (Doc. No. 113) is DENIED.

With respect to the introduction of evidence or testimony pertaining to Underwriter Laboratories design standards, "such industry custom and practice evidence may be relevant in a strict liability design defect case—even if not dispositive—for much the same reason as industry standards evidence: because it illuminates 'the relative complexity of design decisions and the trade-offs that are frequently required in the adoption of alternative designs.'"  *Kim v. Toyota Motor Corp.*, 6 Cal. 5th 21, 35, (2018) (quoting *Barker v. Lull Engineering Co.*, 20 Cal. 3d 413, 418 (1978)).

With respect to the Consumer Product Safety Commission's actions (or lack thereof) in connection with the blender at issue in this case, it does not appear from its opposition that defendant intends to introduce any such evidence or testimony at this time.

Therefore, plaintiff's motion *in limine* number three (Doc. No. 113) is denied in its entirety to the extent plaintiff seeks to preclude defendant from introducing evidence or soliciting testimony regarding Underwriter Laboratories design standards.  To the extent that plaintiff's motion *in limine* number three (Doc. No. 113) seeks to exclude evidence relating to the Consumer Product Safety Commission's actions in connection with the blender at issue in this case, the motion is denied without prejudice to plaintiff raising an appropriate evidentiary objection at trial if defendant later seeks to introduce such evidence.

**Plaintiff's MIL No. 4 (Doc. No. 114)**

Plaintiff's motion *in limine* number four (Doc. No. 114) is DENIED.

As noted by defendant, "[p]laintiff will have an opportunity to cross-examine Mr. Nerkizian at trial wherein the rules of evidence provide the appropriate means to impeach the

witness in front of the jury." (Doc. No. 127 at 3.)

**Defendant's MIL, Part 1 (Doc. No. 116)**

Defendant's motion *in limine* part one (Doc. No. 116) is DENIED.

Here, plaintiff has met his burden of demonstrating that the prior incidents defendant seeks to exclude were substantially similar to the incident alleged by plaintiff in this case. *See Massok v. Keller Indus., Inc.*, 147 F. App'x 651, 656 (9th Cir. 2005) (quoting *Elsworth v. Beech Aircraft Corp.*, 37 Cal. 3d 540, 555 (1984))[1] ("Under California law, '[e]vidence of prior accidents is admissible to prove a defective condition, knowledge, or the cause of an accident, provided that the circumstances of the other accidents are similar and not too remote.'"); *see also Younan v. Rolls–Royce Corp.*, No. 09-cv-02136-WQH-BGS, 2013 WL 1899919, at *9 (S.D. Cal. May 7, 2013). Therefore, defendant's motion *in limine* part one (Doc. No. 116) is denied to the extent it is based on the incidents at issue not being substantially similar to the events alleged by plaintiff in this case.

In addition, there is no indication at this time that plaintiff intends to introduce evidence of prior incidents for the truth of the matters asserted therein. Therefore, to the extent defendant's motion *in limine* part one is based on such evidence constituting inadmissible hearsay, defendant's motion *in limine* part one (Doc. No. 116) is denied, without prejudice to defendant raising a hearsay objection at trial if it appears that plaintiff intends to introduce such evidence for the truth of the matters asserted.

**Defendant's MIL, Part 2 (Doc. No. 116)**

Defendant's motion *in limine* part two (Doc. No. 116) is DENIED, without prejudice to defendant raising an evidentiary objection at trial if plaintiff seeks to introduce a particular demonstrative that is irrelevant or unfairly prejudicial within the meaning of Federal Rules of Evidence 401, 402, or 402.

/////

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

**Defendant's MIL, Part 3 (Doc. No. 116)**

Defendant's motion *in limine* part three (Doc. No. 116) is DENIED.

On the face of the parties' briefing on the pending motion, it does not appear that evidence related to defendant's alleged failure to notify the Consumer Product Safety Commission of the product or incident at issue is necessarily irrelevant or unduly prejudicial pursuant to Federal Rules of Evidence 401, 402, and 403. However, the court notes that it is not entirely clear what evidence, if any, plaintiff intends to introduce in this regard. Therefore, defendant's motion *in limine* part three (Doc. No. 116) is denied, without prejudice to defendant raising an appropriate evidentiary objection at trial if a particular exhibit, reference, testimony, argument, or question on this subject would be irrelevant, unfairly prejudicial, confuse the issues, or mislead the jury within the meaning of Federal Rules of Evidence 401, 402, or 402.

**Defendant's MIL, Part 5 (Doc. No. 116)**

Defendant's motion *in limine* part five (Doc. No. 116) is DENIED as having been rendered moot.

**Defendant's MIL, Part 11 (Doc. No. 116)**

Defendant's motion *in limine* part eleven (Doc. No. 116) is DENIED.

With respect to defendant's motion *in limine* part eleven, subparts A and B, "[p]laintiff may, if he chooses, make limited and appropriate references to potential damages in order to probe any biases potential jurors may have related to civil damages awards." *Chavarria v. Mgmt. & Training Corp.*, No. 16-cv-00617-MLH-RBB, 2018 WL 9538773, at *3 (S.D. Cal. Jan. 22, 2018)). Therefore, defendant's motion *in limine* part eleven, subparts A and B (Doc. No. 116), is denied without prejudice to defendant "mak[ing] a contemporaneous objection if [p]laintiff's questions stray into irrelevant or inflammatory subjects." *Id.*

Defendant's motion *in limine* part eleven, subparts C and D (Doc. No. 116), is denied as having been rendered moot.

/////

/////

/////

**Defendant's MIL, Parts 4, 6, 7, 8, 9, 10, 12 (Doc. No. 116)**

Defendant's motion *in limine* parts four, six, seven, eight, nine, ten, and twelve (Doc. No. 116) is DENIED as unnecessary and/or unopposed. (*See, e.g.*, Doc. No. 116 at 8) (seeking an order excluding inadmissible hearsay).

## CONCLUSION

For the reasons explained above, the undersigned tentatively rules as follows:

1. The following motions *in limine* are GRANTED in part and DENIED in part: Doc. Nos. 111, 112.

2. The following motions *in limine* are DENIED: Doc. Nos. 113, 114, 116.

IT IS SO ORDERED.

Dated:  **June 1, 2023**

UNITED STATES DISTRICT JUDGE